ALLEN & HILL, *admrs.*, *v.* SMITH, *admr.*

PROCEEDINGS AGAINST UNKNOWN HEIRS. An affidavit of complainants' want of knowledge of the *residence* of unknown heirs is a necessary prerequisite in the proceeding to obtain jurisdiction by publication.

Where the complainant proceeds in his bill against unknown heirs, it is *necessary*, to enable the court to obtain jurisdiction over them, for him to annex to his bill an affidavit of his want of knowledge of the residence of such heirs.

VENDOR'S LIEN.   In a writ to foreclose a vendor's lien, where the vendee is dead, the *heirs* are necessary parties.

*Appeal from Arkansas Circuit Court.*

Hon. WILLIAM M. HARRISON, Circuit Judge.

RICE & BENJAMIN AND GODDEN, for appellants.

BELL & CARLETON, for appellee.

Hon. JOHN WHYTOCK, Special Supreme Judge.

This case is brought here by appeal from the circuit court for Arkansas county, and is a suit upon a complaint in equity by Bazil B. Smith, as administrator of the estate of Pettyman Smith, deceased, to foreclose a vendor's lien on lands sold by Pettyman Smith and others to Lewis Shanks, who executed his note, at the time, for the purchase money of the premises. It is alleged that there is due and unpaid on the note the sum of five thousand dollars, with interest. The complaint charges that the note was lost or destroyed; that Lewis Shanks had died, leaving heirs, but fails to state who they were, whether or not they were unknown, or that their residence could not be ascertained. It prays that said debt be decreed to be paid, and, if default be made in its payment, that the lands be sold, and the equity of redemption therein be forever foreclosed.

At the May term, 1867, of the Arkansas circuit court, a decree, *pro confesso*, was taken against the representatives of Shanks, Allen and Hill, and including, *ipsissimis verbis*, the "unknown heirs of Shanks." At the next term of that court, and before final decree, Shanks' administrators, who were non-residents, filed a motion, by their solicitors, which was sworn to, praying that the interlocutory decree be set aside. . This motion embraces various grounds for relief, and among them that the heirs of Lewis Shanks, who appear, and whose names are enumerated in it, were minors, and non-residents; and that

they had not been served, either personally or constructively, with notice of the pendency of the suit; that no affidavit had been made, or proof offered, before the publication of the notice to all the defendants.

The motion also alleged that defendants have a meritorious defense; and they ask that they be permitted to make answer, &c., and that a guardian *ad litem* be appointed for the minor heirs.

The motion was denied, final decree rendered at the term last mentioned, and the lands decreed to be advertised and sold, if payment should not be made on a day named.

Annexed to the complaint is an affidavit, which was made by the solicitor of the complainant, alleging only that Allen and Hill are non-residents. Publication was had against them, and, in so many words, against the "unknown heirs," but there is no proof that the heirs were unknown; nor does it appear from the record that the court was informed, in any manner, as to complainant's want of knowledge of their residence, or that they were non-residents.

Section 7, chapter 28, Gould's Digest, prescribes that "in cases where it may be necessary to make the heirs of any decedent defendants, and the names of all or part of them are unknown, and the complainant annexes to his bill an affidavit of his want of knowledge of the residence of such heirs, proceedings may be had against them, without naming them, and the court may make such order in relation to notice as may be deemed proper."

This statute confers upon circuit courts, in a special manner, jurisdiction over unknown heirs, who may be necessary parties to a suit or proceeding against them; but, unless its provisions are followed, these courts can acquire no jurisdiction in the cases provided for by the statute.

The facts here present a strong case for the application of the rule, that a strict compliance with statutory authority, under which persons may be deprived of their estate, will be required. Indeed, in every form in which the question has arisen, courts have been prompt and emphatic in the enforce-

32

ment of this statutory principle. *Bloom, et al., v. Burdick,* 1 *Hill,* (*N. Y.,*) 130; *Sibley v. Waffle,* 16 *N. Y. Rep.,* 180; *Newland v. Gentry, &c.,* 18 *B. Monroe,* 666.

The heirs of Lewis Shanks are shown to have been infants, for whom no guardian or next friend was appointed, or has appeared in this case. Where the rights or interests of this class of persons are involved, every step in the proceedings against them will be scrutinized, for it has repeatedly been held that it is the duty of courts to protect the rights of such persons, and to prevent injustice being done them, in every particular. 2 *Story's Eq. Jur.,* 1334; *Lefevre v. Laraway,* 22 *Barb.,* 167; 1 *Hill,* 130.

In a suit to subject to sale lands for the purchase money, where the vendee or mortgagor is dead, the heirs are indispensable parties to the decree. *The State, use of Ashley & Watkins, v. Lawson, et al.,* 6 *Ark.,* 269; *Erwin, admr., et al., v. Ferguson, et al.,* 5 *Ala.,* 158; *Doe, ex dem., Duval's Heirs v. McLoskey,* 1 *Ala.,* (*new series,*) 708; *Smith, &c., v. West's Executor,* 5 *Littell,* (*select cases,*) 48; *Hare's Heirs v. Bryant's Admr.,* 7 *J. J. Marshall,* 376.

From any thing that appears to the contrary, by the record in this cause, the heirs of Shanks may have been known residents of the county at the time the order of publication was made.

We are of the opinion that the circuit court did not acquire jurisdiction of the persons of the heirs of Lewis Shanks, in this cause, and that this jurisdictional defect is fatal to the decree in that court.

There are other questions raised by the record in the case, but as they do not go to the foundation of the suit, and as the decree must be set aside, it is not deemed necessary to decide them.

The decree is reversed, and the cause remanded, that the heirs, who have appeared by motion, and asked to be made parties, may be permitted to answer the complaint.

Judge HARRISON, being disqualified, did not sit in this case.
Hon. JOHN WHYTOCK, Special Supreme Judge.