LAWRENCE VS. STATE, use School Fund.

WARNING ORDER: *Affidavit of publication, etc.*

In obtaining and publishing warning order, the statute must be substantially and strictly followed, the order must contain all the recitals required by law, and the affidavit of publication must be made by the editor or publisher, and show publication for four successive weeks.

APPEAL from *Pulaski* Chancery Court.

Hon. W. I. WARWICK, Chancellor.

*Rose* for appellant.

The proceedings do not follow the requirements of the statute, July 16, 1868, p. 76 of acts, see secs. 6, 5. This act was not changed by the Code.

No affidavit here for warning order. Gantt's Digest, sec. 4527. No proper proof of publication. Gantt's Digest, sec. 4033. Constructive service must be strict. *Brodie* v. *Skelton*, 11 Ark., 121. Personal decree erroneous.

*Attorney General Hughes* for appellee:

Cited Gantt's Digest, secs. 3994, 3996. Insufficiency of proof of publication acknowledged, but see sec. 4033 as to affidavit of the editor.

Personal decree may be taken for deficiency. Sec. 4007.

Question submitted for settlement, with concession of errors.

HARRISON, J.:

This was a suit by the State for the use of the school fund to enforce its reserved lien on section 16 in township 5 north, of range 8 east, in Crittenden county, for a balance due on the land given for the purchase money.

S. Lawrence, the purchaser, and maker of the bond; and the unknown heirs of W. C. Lowder, who, the complaint alleged, claims an interest in the land, were made defendants.

The complaint was filed on the 3rd day of February, 1874, and a summons directed to the sheriff of Crittenden county for S. Lawrence, and the other defendants. by the description of the unknown heirs of W. C. Lowder, issued. The summons being returned not served a warning order seems to have been published, but no entry that such was made appears in the record.

The warning order, as appears by the copy filed in proof of publication, was as follows:

Warning Order—State of Arkansas, for use of School Fund, 1981, v. S. Lawrence and unknown heirs of W. C. Lowder, in Pulaski Chancery Court.

Lawrence vs. State, use School Fund.

The defendants, S. Lawrence and the unknown heirs of W. C. Lowder, are warned to appear in this court, within thirty days and answer the complaint of the plaintiff, the State of Arkansas for use of School Fund. D. P. Upham, Clerk.

And the affidavit of its publication appended thereto, was as follows:

"State of Arkansas, County of Pulaski. I hereby certify, that the annexed advertisement was published four times in the Arkansas Republican, the first of which was on the 28th day of February, and the last on the 18th day of March, 1874. John W. McDaniels, Secretary.

"Sworn to and subscribed before me this 18th day of March, 1874. D. P. Upham, Clerk."

At the April term, 1874, the defendants not appearing, the complaint was taken as confessed, and a decree rendered against all of them for the debt, and condemning the land to be sold for the payment thereof.

The defendant, S. Lawrence, brought the case to this court by an appeal obtained from its clerk.

The Legislature has provided specially for suits, like the present, by the State for enforcement of its lien on land for purchase money, and prescribed the particular manner in which notice shall be given to non-resident and other defendants upon whom process cannot be served. Section 3994 Gantt's Digest, relating to such notice, is as follows: "Section 3994. If the return upon a process, directed to the county in which such land is located, shows that the defendant is not found in such county, or upon an affidavit of some credible person that the defendant is a non-resident of the State, the clerk of the Chancery Court, upon the application of the Attorney General, shall make and enter on the record an order which shall contain the title of the suit, the date and amount of the note or bond proceeded upon, and a

*Vol. xxx.—46.*

description of the land upon which the lien is sought to be enforced, and warn the defendant to appear and make defense thereto on the first day of the next term of such court that commences more than sixty days from the date of such order."

By section 3995, such warning order is required to designate the month and day of the month on which the term of the court will commence, and to be published once in each week for four successive weeks.

Section 3996, says: "If the return of the officer upon the process mentioned in the preceding sections, shows that the defendant is dead, or upon other proof thereof before such clerk, said clerk shall make and enter the order mentioned in the preceding sections, except that it shall warn generally 'the heirs and personal representatives' of the defendant to appear and make defense thereto as provided in the preceding sections."

Section 3997 declares "that the publication of such order as provided in the preceding sections, shall be equivalent to a personal service, and then proceeds thus: *Provided*, That upon a return of the officer on the process, showing that the defendant is not found in the county in which such land is situated, the Attorney General shall file before said clerk an affidavit to the effect that he has used due diligence, and has not been able to ascertain whether the defendant is dead or alive, the clerk shall make and enter on record such order, except that the defendant, if living, or his heirs and legal representatives, if he is dead, are warned to appear as provided in the preceding sections; and, when published as required by said sections, shall be equivalent to a personal service."

The proof which the statute requires of the publication of the warning order is the filing with the clerk of a printed copy, and an affidavit of the editor or publisher of the newspaper, stating the number of times and dates of the paper in which it appeared. Section 4031.

It is thus seen that with the exception of the issuing of the summons and the return of the same, none of the provisions of the statute providing for a notice to defendants upon whom process cannot be served was complied with.

The only evidence in the record of a warning order is the copy of what purports to be such on file, in which neither the date, nor the amount of the bond, nor a description of the land is given ; and by which the defendants were required to appear within thirty days.

The affidavit of its publication was not made by either the editor or publisher of the paper, but by one who designated himself as secretary, and it does not show that it was published once in each week for four successive weeks.

The rule is well established, and it rests upon the soundest principle, that when constructive notice only is given, the requirements of the statute must be, if not literally, substantially and strictly complied with. Newm. Plead and Prac., 56 ; *Brodie* v. *Skelton,* 11 Ark., 120 ; *Clark* v. *Strong,* 13 Ark., 491 ; *Saffold* v. *Saffold,* 14 Ark., 408 ; *Turnage* v. *Fisk,* 22 Ark., 286.

The decree against the appellants must be reversed and the cause remanded to the court below to be proceeded in according to law.