BEIDLER *v.* BEIDLER.

Opinion delivered April 11, 1903.

1. CROSS-APPEAL—WHEN MAY BE TAKEN.—Under Sand. & H. Dig., § 1053, providing that the appellee at any time before trial, by an entry upon the records of the supreme court, may pray and obtain a cross-appeal against the appellant or any co-appellee in whose favor any question is decided prejudicial to such party," an appellee can take an appeal against an appellant at any time before the cause is submitted for decision. (Page 321.)

2. PLEADING—DEMURRER OF ONE INURING TO ALL.—Where one of several defendants demurs to the complaint as not stating a cause of action, a decision sustaining the demurrer inures to the benefit of all of the defendants. (Page 321.)

3. PROCESS—WARNING ORDER—JURISDICTION.—A judgment based upon constructive service by publication of a warning order is void where the warning order was not made upon the complaint, as required by Sand. & H. Dig., § 5679. (Page 322.)

4. EXECUTION SALE—PURCHASE BY PLAINTIFF.—A purchaser of land at a sale under execution in his own favor takes it charged with all the rights and equities which exist only in parol that might have been asserted against the execution defendant. (Page 322.)

Appeal from Miller Circuit Court in Chancery.

JOEL D. CONWAY, Judge.

Reversed.

*J. D. Cook,* for appellant.

J. H. Beidler held the lands in trust for his grantor. 33 Ark. 762. A resulting trust may be proved by parol. 45 Ark. 472; 48 Ark. 169; 11 Ark. 82; 40 Ark. 146. The same rule applies to deeds intended as a mortgage. 5 Ark. 321; 3 Ark. 364; 7 Ark. 502; 18 Ark. 34; 23 Ark. 479; 40 Ark. 146. Resulting trusts, or trusts created by operation of law, are excluded from the effect of our statute of fraud. Sand. & H. Dig. § 4381; 9 Ark. 518; 30 Ark. 239. Where an estate is purchased by one, and the deed is taken in the

name of another, a resulting trust is created in favor of the purchaser. 80 Ala. 142; 58 Cal. 621; 40 Ark. 62; 63 Ga. 522; 119 Ill. 412; 9 Ark. 518; 29 Ark. 612; 64 Ind. 382; 89 N. Y. 251; 30 Ark. 230; 3 Mason (U. S. C. C.) 362; 17 Wall. (U. S.) 44. A purchaser at his own execution sale is not an innocent purchaser. 44 Ark. 48; 30 Ark. 249; 31 Ark. 252; 58 Ark. 252. Judgments entered after service, but after death of defendant, are void. 45 Miss. 430, 553; 29 La. Am. 141; 44 Cal. 286.

*W. J. Foster, pro se.*

. The court had jurisdiction to enter the decree, and for that reason the petitioner is precluded from resorting to the writ of *certiorari.* 30 Ark. 148; 47 Ark. 511; 50 Ark. 281; 43 Ark. 341; 50 Ark. 34; His laches is fatal. 40 Ark. 219; 39 Ark. 399; 35 Ark. 95; 52 Ark. 221; 43 Ark. 243. The writ is one of discretion. 99 Ill. 179. When parties seek to vacate or modify a judgment, it must be done expeditiously and within time allowed for an appeal. Sand. & H. Dig. §§ 5841, 5839. W. J. Foster can not attack the judgment collaterally. 66 Ark. 6; 5 Ark. 43; Sand. & H. Dig. § 4191; 63 Ark. 513; 117 U. S. 897; 26 Ark. 60; 49 Ark. 411. The decree is valid, and can not be attacked collaterally. Van Fleet, Coll. Att. 79-82; 77 Ind. 371; 47 Ark. 31; 11 Wis. 401; 21 Ark. 364; 70 Ill. 378; 28 Fed. 410; 57 Ark. 40; 55 Ark. 442; 46 Wis. 650; 5 Ark. 424; 11 Ark. 519. Judgments of domestic courts of general jurisdiction are presumed to be within jurisdiction, unless from the record itself it can be clearly seen that they are without. Freeman, Judg. §§ 124-133; 44 Ark. 426; 47 Ark. 419; 49 Ark. 413; 44 Ark. 426; 18 How. 164; 18 Wall. (U. S.) 365; 53 N. Y. 600; 33 Ark. 828. The granting of a bill of review is not a matter of right. 60 Ark. 460; 1 Pet. 15; 12 Pet. 32; 36 N. J. Eq. 36; 8 W. Va. 189. The plaintiff's laches defeats the bill of review. High. Inj. §§ 85, 86, 99, 128, 161, 165; 1 Ark. 31, 186; 42 Ark. 560; 6 Ark. 78, 317; 5 Ark. 501; 14 Ark. 360; Freeman, Judg. §§ 102,115; Story, Eq. Pl. 104; 83 Ind. 583; 98 Ind. 165; 63 Ind. 369; 84 N. C. 366; 46 Ia. 172; 104 U. S. 410; 17 S. C. 446; 60 Ark. 453; 43 Ark. 107; 42 Ark. 560; 33 Ark. 454; 36 Ark. 540; 10 Wend. (N. Y.) 560; 20 Wis. 265; 81 Ky. 16. The court will consider judicially its own orders. 7 S. W. 691; 55 Texas, 193; Wade, Notice 723; 27 Ark. 70.

*S. S. Hulbert* and *Rose, Hemingway & Rose,* for W. J. Foster.

The demurrer filed in the name of J. L. Foster inured to the

benefit of W. J. Foster. 8 Ark. 177; 11 Ark. 512; 17 Ark. 371; 36 Ark. 491; 69 S. W. 578. The complaint shows no cause of action against W. J. Foster, and the decree must be reversed. Sand. & H. Dig. § 728; 22 Fed. 609; 145 U. S. 492; 55 Ark. 22; 59 Ark. 544; 66 Ark. 115; 44 Ark. 60; 58 Ark. 39; Elliott, App. Pro. §§ 471, 475. All parties to a decree, save the appellant, are appellees. 2 Enc. Law & Pro. 768; Elliott, App. Pro. § 159; 88 Ind. 139; 9 Ark. 345; 2 Cent. Dig. 2277. Certiorari would suffice to correct the error. 68 Ark. 205. The making of the warning order as prescribed by law is jurisdictional. Sand. & H. Dig. § 5679; 55 Ark. 30; 70 Ark. 409; 69 Ark. 91. All courts have a general power to correct their records. 17 Enc. Pl. & Pr. 914; 40 Pac. 193; 9 Ark. 185; 17 Ark. 100. They may do so on satisfactory evidence, whether on file in the case or not. 40 Ark. 229; 102 Fed. 77; 101 Fed. 176. The power of correction does not cease with the entry of judgment, nor is it confined to errors of the clerk. 53 Ark. 250; 59 Ark. 61; 18 S. W. 1088; 58 N. W. 473; 99 Mich. 493; 23 Pac. 726; 9 Mont. 341; Sand. & H. Dig. § 5769; 39 Ga. 392. After decree, a bill may be amended so as to conform to the issues tried, 23 Wall. 527; 3 John. 527; 50 Mo. 17; 24 N. J. Eq. 69. The complaint may be amended after judgment. 9 Ohio St. 526; 7 Barb. 14; 48 S. W. 665; 30 N. Y. 383. Final decrees may be amended when necessary to give full expression to the judgment. 45 N. J. Eq. 78; 24 *Id.* 37; 7 Paige, 383; 9 *Id.* 395; 33 Ark. 33. A court succeeding to the jurisdiction of another may correct its judgments. 17 Enc. Pl. & Pr. 917; 27 N. J. Eq. 244; 33 Ark. 475. There is no limitation for bills of review. 33 Ark. 162; 46 Ark. 438; 31 Ark. 684; 28 Ark. 27.

BATTLE, J. Senator Roy Beidler instituted a suit against J. H. Beidler, X. F. Beidler, Grace Beidler, Joseph L. Foster and W. J. Foster to set aside certain deeds. He alleged in his complaint that he is the son of H. M. Beidler, who departed this life leaving him his only heir; that H. M. Beidler in his lifetime conveyed and caused to be conveyed to the defendant J. H. Beidler certain lands described in his complaint and belonging to him; that the lands were conveyed with the understanding that J. H. was to hold the legal title in trust for H. M., and make title to purchasers on demand of H. M., and when H. M. died convey so much thereof as remained unsold to plaintiff; that Joseph L. Foster, on the 21st of February, 1890, brought an action against J. H.,

and sued out an order of attachment therein, and caused it to be levied upon the lands, obtained a judgment for a large sum, caused the lands to be sold to satisfy the judgment, and purchased the same at the sale; that the sale was confirmed by the court, and the lands were conveyed to Joseph L. by the sheriff; that Joseph L. conveyed divers parcels of the lands to purchasers, and, on the 10th day of October, 1894, conveyed the remainder by quit-claim deed to his son, the defendant W. J. Foster, the consideration being one dollar. He asked that the deeds from H. M. to J. H. be set aside as to him, and that it be decreed that Joseph L. and those holding under him take nothing by reason of their deeds.

The Fosters being non-residents, summons was not served upon either of them. No warning order was made on the complaint, as the law requires, though one was published.

On the 7th day of June, 1899, Joseph L. demurred to the complaint because it did not state facts sufficient to constitute a cause of action. On the 28th day of the same month, at the same term of the court, none of the defendants except Joseph L. having demurred or answered, the court rendered a decree against those failing to plead according to the prayer of the complaint, and continued the demurrer until the next term of the court, at which term, on the 16th of December, 1899, the court sustained the demurrer as to Joseph L., and the plaintiff appealed. W. J. Foster prayed and obtained a cross-appeal in this court.

The first question in the case is, was W. J. Foster entitled to the cross-appeal?

Section 1053 of Sandels & Hill's Digest provides: "The appellee at any time before trial, by an entry upon the records of the supreme court, may pray and obtain a cross-appeal against the appellant, or any co-appellee in whose favor any question is decided prejudicial to such party." The object of this statute was to enable any party to an action in which an appeal has been taken to bring questions decided therein to his prejudice before this court without being compelled to take a separate appeal; and to avoid the necessity of the disposal of a cause by piecemeal. Hence an appellee can take a cross-appeal against the appellant or any co-appellee. The only limitation upon this right is in time. He must take it before trial, that is, before the cause is submitted for decision.

In this case the issue before the court at the time the decree was rendered was, did the complaint state facts sufficient to constitute a cause of action? Every defendant was a party to and was

affected by this issue. A decision in the negative inured to the benefit of all of them. *Bruton* v. *Gregory,* 8 Ark. 177; *Ferguson* v. *State Bank,* 11 Ark. 512; *Gordon* v. *State,* 11 Ark. 12; *State* v. *Williams,* 17 Ark. 371; *Hall* v. *Bonville,* 36 Ark. 491; *Fletcher* v. *Bank of Lonoke, ante,* p. 1. No decree ought to have been rendered until the demurrer was disposed of. But the court rendered a decree against all the defendants, except Joseph L., and at a subsequent term sustained the demurrer as to him, and the plaintiff appealed.

The defendants who did not appear being constructively summoned, had two years in which to come in and move for a new trial, and make their defense. Sand. & H. Dig. § 5882. The right of redress by appeal still belonged to them in the event the result of a re-trial was against them. But, instead of doing so, W. J. Foster took a cross-appeal. As he was a party to the issue from the decision of which plaintiff appealed, and thereby an appellee, he was entitled to it. Although he was barred from taking an appeal from the decree, his right to cross-appeal survived by virtue of plaintiff's appeal. He comes within the spirit of the statute.

W. J. Foster was not warned to appear in this suit in the manner prescribed by the statute. The statute provides that, after it is shown that a summons cannot be served upon a defendant, "the clerk shall make upon the complaint an order warning such defendant to appear in the action within thirty days from the time of the making the order." Sand. & H. Dig. § 5679. This court has repeatedly held that a compliance with provisions like this is an essential pre-requisite to the publication of a warning order, without which no jurisdiction as to such defendants can be acquired, and all proceedings as to them are void. *Gregory* v. *Bartlett,* 55 Ark. 30; *Memphis Land & Timber Co.* v. *Board of Directors of St. Francis Levee District,* 70 Ark. 409; *McMahon* v. *Smith,* 69 Ark. 591.

No warning order was made by the clerk upon the complaint in this suit, and the decree of the court as to W. J. Foster is void.

There is no contention here that appellant Beidler failed to show that he had any equitable claim to the lands in controversy that he might have asserted against J. H. Beidler, the defendant in the attachment proceedings instituted by Joseph L. Foster. That stands uncontroverted in this court. If such be true, the purchase of Joseph L. at his own sale did not deprive him of the same. He took the lands charged with all the rights and

equities, which exist only in parol, that might have been asserted against the defendant, J. H. Beidler. *Tennant* v. *Watson,* 58 Ark. 252. If it appeared from the complaint that appellant had such rights and equities at the time of the purchase, the court erred in sustaining the demurrer as to him (Joseph L.).

Therefore, and inasmuch as Joseph L. Foster has no interest in the lands in controversy, and he has conveyed all he had to W. J. Foster, and the decree as to W. J. is void, the judgment upon the demurrer and the decree as to W. J. are reversed, and the cause as to the Fosters is remanded with instructions to the court to proceed in accordance with this opinion.

Bunn, C. J., absent.