Swartz v. Drinker.

4-4146

Opinion delivered February 10, 1936.

*Festus Gillam* and *Eads & Rowe,* for appellant.
*Hardin & Barton,* for appellee.

Butler, J. The appellee is the owner of a valuable mineral right in certain lands situated in Sebastian County, and brought the instant proceeding in the Greenwood District of the Chancery Court of said county to cancel tax deeds issued by the Commissioner of State Lands by which said mineral right was conveyed to the appellants, the State claiming title through an alleged forfeiture for the nonpayment of taxes levied against them. The appellee alleged that the forfeiture was void for a number of reasons set forth in the complaint, any one of which, if true, was sufficient to avoid the Commissioner's deed. She further alleged that she was in pos-

session of the lands at the time of the alleged forfeiture, and had been continuously since that time.

The appellants answered without setting up any defense to the action, and without denying any of the allegations of the complaint, but merely stating that the appellants had sued the appellee and others in the circuit court of the Greenwood District of Sebastian County for damages and for possession of the lands, and that that suit was still pending. The court treated the appellant's answer as a motion to dismiss the complaint, and overruled the same. To this action of the court the appellants objected, saved their exceptions, and refused to plead further. The appellee, thereupon, announced ready for trial. The case was accordingly submitted, and the court, after reciting the answer filed, its being treated as a motion to dismiss, etc., and "after hearing the testimony offered in the case, * * * being well and sufficiently advised in the premises, found the issues for the (appellee) plaintiff." The court then made specific findings of fact with reference to the allegations of the complaint, and decreed that the forfeitures were null and void, and also the deed issued to the appellants by the commissioner. The court further decreed that the said deed be canceled, and that the title of appellee be quieted as against the appellants.

The sole contention of the appellants for reversal is that the chancery court was without jurisdiction because of the suit pending in the circuit court. The pleading tendered was not sufficient to establish the contention. It merely recited "that there is a suit pending in the circuit court of Greenwood District of Sebastian County, Arkansas, filed on the 21st day of February, 1935, wherein W. R. Webb is plaintiff and Sophie H. Drinker and others are defendants, which is a suit in ejectment involving the same titles, and between the same parties as are involved in this suit, a copy of which complaint is attached hereto, and made a part hereof marked 'Exhibit A.' There appears to be no affidavit for warning order indorsed on the complaint, or any indorsement of summons issued. Neither does there appear elsewhere in the

record any reference to issuance of summons or proceedings had for warning order except the following:

"STATEMENT OF SUMMONS

"Summons issued of the 21st day of February, 1935, for Sophie H. Drinker, and mailed to the sheriff of county of Philadelphia, State of Pennsylvania, and returned with the following affidavit:

" 'State of Pennsylvania, County of Philadelphia:

" 'Personally appeared before me, Francis M. Connor, notary public, in and for said Philadelphia County, Matthew K. Yates, who, being duly sworn, says that he is a deputy sheriff for Richard Weglein, sheriff of Philadelphia County, Pennsylvania; that the within summons and complaint was placed in affiant's hands for service, and that he made diligent search and inquiry for Sophie H. Drinker, by inquiring at 1429 Walnut Street, city of Philadelphia, State of Pennsylvania, and was unable to find Sophie H. Drinker up to and including June 18, 1935; and that Sophie H. Drinker could not be found within the county.

" 'Matthew K. Yates.

" 'Sworn and subscribed before me this 18th day of June, 1935. Frances M. Conner, Notary Public.

" 'My commission expires, November 16, 1935.' "
(Seal)

"STATEMENT AS TO WARNING ORDER

"Warning order issued: May 25, 1935, against defendant, Sophie H. Drinker.

"Published in 4 consecutive issues beginning May 30, and ending June 20, 1935; in the *Greenwood Democrat*, a newspaper published in said county and district.

"Proof of publication sworn to: June 20, 1935."

We gather from the "statements" copied *supra* that Mrs. Drinker, the defendant in that suit, and the appellee here, was a nonresident of the State, although no such allegation appears in the complaint.

In order for suit to be instituted against a resident, it is necessary that the complaint be filed, a summons thereon issued and placed in the hands of the sheriff for service; as to nonresident defendants, before the case can be said to be pending the provisions of either §§ 1157

and 1158, Crawford & Moses' Digest, or § 1159, *id.*, must be complied with. Section 1157, *supra*, provides that where a defendant is out of the State, a copy of the complaint certified by the clerk with summons annexed warning the defendant to appear and answer within thirty days after the same is served on him may be served upon said defendant anywhere in the United States by some person to whom he is personally known. Proof of the delivery is made by the affidavit of the person making it indorsed on, or annexed to, the certified copy of complaint and summons, in which the time and place of delivery, and the fact that the defendant was personally known to the affiant shall be stated. The officer, before whom the affidavit is made, shall certify that the affiant is personally known to him and worthy of credit. Section 1158, *supra*, is to the effect that when the provisions of § 1157 are complied with, and the papers mentioned in the above section are returned and filed, this is sufficient and deemed an actual service of the summons. The "statement of summons" hereinbefore copied fails to show a compliance with the provisions of §§ 1157 and 1158.

Where a nonresident is constructively served, as a prerequisite to the warning order, the affidavit prescribed by § 1159 must be made, and it is only where the affidavit has been made, and the warning order based thereon issued that the action can be said to be commenced or the cause pending. *Boynton* v. *Chicago Mill & Lumber Co.*, 84 Ark. 203, 105 S. W. 77; *Holloway* v. *Holloway*, 85 Ark. 431, 108 S. W. 837. We think it clear from the effect of our decisions that a strict compliance with the requirements of the statutes, cited *supra*, is required, and, if there is not such compliance, no action is pending. *Missouri Pac. Ry. Co.* v. *McLendon*, 185 Ark. 204, 46 S. W. (2d) 625.

Other questions are argued by counsel for appellee which we find it unnecessary to notice. It is our conclusion that the pleading tendered failed to sufficiently allege the pending of the case in the circuit court, and that therefore the judgment and the decree of the court in

dismissing the appellants' answer, and granting the relief prayed by appellee was correct.

Affirmed.