**Lelia M. McCARGO, Plaintiff,**

v.

**Alma V. STEELE, Defendant.**

**Civ. A. No. 640.**

United States District Court
W. D. Arkansas
Texarkana Division.

April 26, 1957.

William F. Denman and William F. Denman, Jr., Prescott, Ark., for plaintiff.

Keith, Clegg & Eckert, Oliver M. Clegg and William A. Eckert, Jr., Magnolia, Ark., for defendant.

LEMLEY, Chief Judge.

This cause is now before the Court upon the plaintiff's motion to remand the same to the Chancery Court of Nevada County, Arkansas, and upon the defendant's motion to quash the summons issued by the Circuit Clerk of said County and served upon her at her domicile in the State of Ohio, which motions have been submitted upon written briefs.

The plaintiff, a citizen of Arkansas, commenced this action against the defendant, a citizen of Ohio, and sole legatee and devisee under the last will and testament of her brother, Charles F. Steele, deceased, to compel the specific performance of an alleged written contract between the plaintiff and the deceased, involving certain interests in property in Nevada County concededly worth more than $3,000. The complaint was filed on January 21, 1957, and service was attempted under the provisions of Section 27-339 of the Arkansas Stat-

utes.[1] To that end a summons was issued by the Circuit Clerk directed to the sheriff of Jackson County, Ohio, and was served and returned by one of his deputies in strict accordance with the statute above set forth. The date of the verified return is January 25, 1957, and presumably the papers were mailed back to counsel for the plaintiff and received by them in due course of post. For some reason, however, counsel failed to file those papers with the Circuit Clerk, as required by the statute, until March 16, 1957. Prior to that time, and on March 8, 1957, the defendant removed the cause to this Court. On March 18 the motion to remand was filed, and the motion to quash was filed on March 19.

In her motion to remand the plaintiff does not question that diversity of citizenship exists between the parties, or that jurisdictional amount is present; her position is that under the provisions of 28 U.S.C.A. § 1446(b), as amended by the Act of May 24, 1949, c. 139, § 83, 63 Stat. 101, the defendant was required to file her petition for removal within 20 days after her receipt of the certified copies of the complaint and summons in the State court, which date was January 25, 1957, and that since she did not do so, her petition was untimely. In her response to said motion the defendant contends that the filing of the papers that have been mentioned with the Circuit Clerk was "a prerequisite to the completion of service and the pendency of the action"; and that she was "entitled to 20 days from the completion of service and pendency of the action within which to remove the case." And in her brief she argues that not only was service not complete until the filing of the proof of service with the Circuit Clerk, but, further, that until such filing no action had ever been commenced in the State Court.

■■ In passing upon these contentions we shall assume for purposes of argument that as a matter of Arkansas law service under Section 27–339 is not complete until the filing of the proof of service, and also that until such is done, the action is not deemed to have been "commenced." Swartz v. Drinker, 192 Ark. 198, 90 S.W.2d 483.[2] It must be remembered, however, that the procedure for removing a case to federal court is governed by the federal statute which has been mentioned, and it is our duty here to construe and apply that statute as it is written, and with due regard to the intentions of Congress in enacting it, one of which was to achieve uniformity in removal proceedings throughout the United States.[3]

1. "* * * When a defendant is out of this State the plaintiff may take a copy of the complaint, certified by the Clerk, with a summons annexed thereto, warning such defendant to appear and answer the complaint within thirty (30) days after the same shall have been served on him, and cause a copy thereof to be delivered to such defendant anywhere in the United States by some person to whom he is personally known. Proof of the delivery shall be made by the affidavit of the person making it, indorsed on or annexed to the certified copy and summons, in which the time and place of the delivery, and the fact that the defendant was personally known to the affiant shall be stated. The officer before whom the affidavit is made shall certify that the affiant is personally known to him to be worthy of credit.

"The certified copy and summons with the affidavit and certificate, * * * being returned and filed in the action shall be deemed an actual service of the summons in due time for trial on the first day the court meets in regular or adjourned session not less than thirty (30) days after such service. * * *"

2. Ordinarily, an action against a resident of Arkansas is deemed to be commenced when a complaint is filed and summons issued. Ark.Stats. § 27–301; Swartz v. Drinker, supra. Other states, however, have different rules as to when an action is "commenced". See Legislative History of Act of May 24, 1949, U. S. Congressional Service, Vol. 2, 81st Congress, 1st Session, 1949, p. 1268.

3. Reviser's Note to 28 U.S.C.A. § 1446(b); Richlin Advertising Corporation v. Central Florida Broadcasting Co., D.C.N.Y., 122 F.Supp. 507; Mahony v. Witt Ice &

Prior to the revision of the Judicial Code in 1948, the removal statute (28 U. S.C.A. § 72, 1940 ed.) provided that a defendant might remove at any time "before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead." The original revision of the Code [4] provided that removal might be effected "within twenty days after commencement of the action or service of process, whichever is later." The statute, as now written, provides that the petition for removal shall be filed within twenty days "after the receipt by the defendant, through service *or otherwise,* of a copy of the initial pleading setting forth the claim for relief upon which such action * * * is based," (emphasis added), or within twenty days "after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant," whichever period is shorter.

The problem now before us has been before two of the United States District Courts in the State of New York in cases involving Section 235 of the Civil Practice Act of that state which, like the Arkansas statute, provides for service of a summons and complaint upon a non-resident defendant, and for the filing of proof of service, and which also provides that service without the state shall be complete ten days after the filing of such proof. Alexander v. Peter Holding Co., D.C.E.D.N.Y., 94 F.Supp. 299; Richlin Advertising Corporation v. Central Florida Broadcasting Co., D.C.S.D. N.Y., 122 F.Supp. 507. In both of those cases the removal petition was filed more than 20 days after the complaint had been served on the non-resident de-

fendant but less than 20 days after the filing of the proof of service; in the instant case the removal petition was filed more than 20 days after the defendant received a certified copy of the complaint [5] and before the statutory proof of service was made.

In Alexander v. Peter Holding Co., supra, upon which the defendant strongly relies, it was held that the case was properly removed, the view being taken that until all of the steps prescribed by the State statute had been complied with, including the filing of proof of service, there "was no action pending which could have been removed," and that until the compliance with all of those steps, "all that the service of pleadings has set in motion is a tentative process which may ripen into the starting of a lawsuit, provided other and subsequent conditions are fulfilled." 94 F.Supp. at pages 300–301.

On the other hand, in the later case of Richlin Advertising Corporation v. Central Florida Broadcasting Co., supra, a directly contrary result was reached. In that case the Court after commenting upon the changes that have been made from time to time in the wording of that portion of the removal statute with which we are concerned, which changes have already been mentioned, had this to say:

"The use of a fixed period of 20 days and the elimination of the reference to state laws and rules and to the statement about 'commencement of action or service of process' appears to emphasize that objective [uniformity in removal proceedings] and to make it clear that the time for filing a removal petition was to be limited to within 20 days after

---

Gas Co., D.C.Mo., 131 F.Supp. 564; Burns v. Standard Life Insurance Co. of Indiana, D.C.Del., 135 F.Supp. 904; Ingram v. Sterling, D.C.Ark., 141 F.Supp. 786.

4. Act of June 25, 1948, Ch. 646, § 1, 62 Stat. 939.

5. Under the plain wording of 28 U.S.C.A.

§ 1446(b), which refers to the receipt by the defendant of a copy of the initial pleading through service "or otherwise," it is not material whether the act of the deputy sheriff in Ohio in delivering copies of the complaint and summons to the defendant amounted to a "service" under Arkansas law or not.

the receipt by the defendant of a copy of the initial pleading, in the event that a pleading was delivered to him; and that this was to be so irrespective of the date upon which the time to answer might begin to run or the date upon which, under state law, the action may have been said to have been started * * *." (122 F.Supp. at page 509.)

After consideration of the conflicting decisions, we have come to the conclusion that that reached in the Richlin case conforms more closely to the present wording of the statute and to the intent of Congress to promote uniformity than does the earlier case upon which the defendant relies, and we are satisfied that we should follow the later decision. Moreover, that decision finds some support in the language of the Court in Burns v. Standard Life Insurance Co. of Indiana, D.C.Del., 135 F.Supp. 904, 906, wherein it was said: "* * * upon the revision of the Judicial Code the removal procedure was drastically amended to provide uniformity throughout the country with respect to removal. The present removal statute refers to a particular number of days in which the petition for removal must be filed and is no longer dependent upon the state law or a rule of court."

■ Of course, a defendant cannot remove an entirely non-existent piece of litigation; but it appears to us that under the statute a suit filed in a State court may have been initiated for purposes of removal, although it may not have been formally "commenced" within the State concept of "commencement of an action," which concept, as has been noted, is a variable one. Such is the case here; the complaint had unquestionably been filed in the State court, had been docketed and assigned a docket number, copies of the complaint had been certified, and summons had been issued. Hence, when the defendant received a certified copy of the complaint, the time for removal began to run. That the case had been sufficiently begun to be removable is, in our estimation, most strongly evidenced by the fact that the defendant actually removed it.

From the foregoing it follows that the motion to remand must be sustained. This renders it unnecessary for us to discuss the questions raised by the motion to quash, which questions include whether or not Ark.Stats. § 27–339 applies to a suit of this kind brought against a non-resident of Arkansas, and, if so, whether or not it is constitutional.

Let an order of remand be entered.