Johnnie L. PIERCE *v.* Joline PIERCE

75-261                                          532 S.W. 2d 747

Opinion delivered February 17, 1976

*William E. Johnson* and *John F. Gibson,* for appellant.

*Switzer, Switzer & Draper,* for appellee.

CONLEY BYRD, Justice. The issue on this appeal is whether the trial court properly set aside a default divorce decree in favor of the appellant Johnnie L. Pierce.

The record shows that appellant Johnnie L. Pierce and appellee Joline Pierce had been married for a number of years. They had a daughter, age 27, and a son, age 18. Appellant ran an automobile garage at which appellee had worked during some parts of the marriage. On April 6, 1974, appellee, without notice to appellant or any member of her family, left in the company of one Johnny McManus, an employee of appellant, for parts unknown. Appellant, fearing that his wife had been kidnapped, went to the sheriff's office for assistance. Neither appellant nor his children heard from appellee until approximately Easter. On April 22, 1974, appellant filed suit for divorce and attempted to obtain service upon appellee by warning order pursuant to Ark. Stat. Ann. § 27-354 (Repl. 1962). At that time he truthfully stated in his affidavit for a warning order that he did not know the present address of appellee. On May 16, 1974, having learned for the first time that appellee was in Mahia, Texas, the appellant, his daughter and his son drove to Mahia, Texas, and returned with appellee just two days before the son's graduation from high school. Appellee lived in the family home until June 8, when she again left to live with Johnny McManus in Mahia, Texas. On July 1, 1974, the attorney ad

litem filed his report showing that he had been unable to contact the appellee and that her whereabouts were unknown. On July 2, 1974, appellant took a default divorce decree. The petition of appellee to set aside the decree was filed on October 30, 1974.

At the trial on the petition to vacate, appellee readily admitted that she was still living with Johnny McManus. She also admitted that between the dates of May 16 and June 8, 1974, appellant told her about the divorce but says that he told her he was dropping it. Appellant disputes appellee's assertion that he told her he was dropping the divorce. His testimony was that she ran off before the divorce became final.

The general purpose of process is stated in 62 Am. Jur. 2d *Process* § 67 (1972) as follows:

> "The object of all process, whether by personal notice or by substitution or publication, is to give the person to be affected by the judgment sought notice thereof and an opportunity to defend. The efficacy of substituted or constructive service of process, when allowable, rests upon the presumption that notice will be given in a manner which is calculated to impart knowledge to the person who is to be notified. Its adequacy, so far as due process of law is concerned, is dependent on whether or not the particular form of service is reasonably calculated to give the defendant actual notice of the proceedings and an opportunity to be heard. In providing for substituted or constructive service, a statute must incorporate provisions reasonably designed to give the defendant notice of the initiation of litigation against him or a reasonable method of emparting such notice; otherwise it is not consistent with the requirement of due process of law . . . ."

Our law on the subject follows the general rule. See *Davis v. Schimmel, Trustee,* 252 Ark. 1201, 482 S.W. 2d 785 (197_), where we stated:

> "Where an action is based on constructive service, no action is commenced or cause pending until the proceedings provided for in the governing statute are

complied with and if there is no such compliance, the proceedings are void, and the court has no power to take affirmative action. . . . "

In *Swartz* v. *Drinker,* 192 Ark. 198, 90 S.W. 2d 483 (1936), we held that there must be a strict compliance with the requirements of our constructive service statutes and if there was not such compliance no action was commenced. In *Frank* v. *Frank,* 175 Ark. 285, 298 S.W. 1026 (1927), we pointed out that, until 30 days have expired after the appointment of an attorney ad litem and he has made his report, a court is without jurisdiction to take any affirmative action on constructive service.

Under this record we find the following facts undisputed:

1. Appellant was truthful on April 22, 1974, when he stated in his affidavit for a warning order that appellee was a non-resident whose address was unknown;

2. Before the 30 day period for attorney ad litem report was due appellee again became a resident of the state and lived with appellant for three weeks.

3. After appellee left on June 8, 1974, appellant knew that she was living with Johnny McManus in Mahia, Texas.

4. The report of the attorney ad litem was filed for record on July 1, 1974, certifying that after due diligence to ascertain the whereabouts of appellee it was his " . . . belief she is a non-resident of the State of Arkansas whose address is unknown."

Thus, under the foregoing decisions it would appear that, since appellee, to the knowledge of appellant, again became a resident of this State before the expiration of 30 days from the appointment of the attorney ad litem, the April 22nd affidavit for a warning order on the basis that she was a non-resident lost its efficacy for purposes of giving the court jurisdiction of the parties. Accordingly, the court had no jurisdiction of appellee on July 2, 1974, for purposes of rendering a decree of divorce. Without such jurisdiction, the decree was properly vacated without any necessity for showing a meritorious defense.

Affirmed.