M.W. BLACK *v.* Thomas H. MERRITT and Maryl L. Merritt, His Wife, and William G. McGhee and Ola Lee McGhee, His Wife, and Teddy Jones McGhee and Deborah McGhee, His Wife

CA 91-44

822 S.W.2d 853

Court of Appeals of Arkansas
Division I
Opinion delivered January 22, 1992

*Daily, West, Core, Coffman & Canfield*, by: *Robert W. Bishop* and *Thomas A. Daily*, for appellant.

*Herby Branscum, Jr.*, for appellee.

GEORGE K. CRACRAFT, Chief Judge. M.W. Black appeals

from orders of the Perry County Chancery Court denying her motions to set aside default judgments cancelling oil, gas, and mineral leases executed to her by the named appellees. The two separate cases were consolidated for purposes of appeal. Appellant contends that the chancery court lacked jurisdiction to enter the judgments and that it was error not to set them aside. We agree.

The facts essential to a decision in this case are not in dispute. In December 1988, the appellees leased the oil and gas rights on their properties to appellant by written instruments which showed appellant's address to be in Fort Worth, Texas. In April 1989, appellees brought suit seeking to have those oil and gas leases cancelled, contending that they had been obtained by fraudulent misrepresentation and had been altered after they had been executed by the parties. Appellees first attempted service on appellant pursuant to Ark. R. Civ. P. 4(e) by mailing copies of the summonses and complaints by certified mail to the appellant addressed to her in Midland, Texas. The letters were returned marked "Unclaimed." Appellees then attempted to obtain service by publication of warning orders. Appellees' attorney filed his affidavit stating that he had made a diligent inquiry and that it was his information and belief that appellant was a nonresident of the state of Arkansas and her last known address was P.O. Box 124, Midland, Texas. Counsel also prepared, signed, and filed documents styled "Warning Order," which provided as follows:

> The defendant, M.W. Black, is hereby warned to appear in this Court within thirty (30) days and answer the complaint of the plaintiffs, and upon failure to do so, said complaint will be taken as confessed.
>
> FIRST PUBLISHED this 10th day of May, 1989.
>
> /s/ Herby Branscum, Jr.
> Attorney for Plaintiffs

An attorney ad litem was appointed and mailed copies of the complaints and "warning orders" to appellant at the same address in Midland, Texas. Those letters were also returned as "Unclaimed." The documents styled "Warning Order" were published in a local newspaper in Perry County once weekly for two consecutive weeks, and proof of publication was filed by the

editor of that paper. On July 5, 1989, the trial court entered orders cancelling the leases and granting all relief prayed for in appellees' complaints.

Appellant then filed motions to set the judgments aside on grounds that she had not been validly served with process. On May 16, 1990, the trial court denied the motions, finding that valid service had been obtained by publication of warning orders. Appellant brings this appeal contending that the trial court erred in denying her motions to set aside the judgments and in holding that the constructive service attempted on her was valid. We agree that the service was invalid and that the judgments entered on it was void.

■ Service of process on defendants whose identity or whereabouts is unknown, or whose rights may be affected by a judgment but who do not need to be subject to personal jurisdiction in strictly in rem proceedings, are governed by the provisions of Ark. R. Civ. P. 4(f)(1) and 4(j). Rule 4(f)(1) provides as follows:

> [W]here it appears by the affidavit of a party or his attorney that, after diligent inquiry, the identity or whereabouts of a defendant remains unknown, service shall be by warning order *issued by the clerk* and published weekly for two consecutive weeks in a newspaper having general circulation in a county wherein the action is filed and by mailing a copy of the complaint and warning order to such defendant at his last known address, if any, by any form of mail with delivery restricted to the addressee or agent of the addressee.

(Emphasis added.) Rule 4(j) provides:

> In any case in which a party seeks a judgment which affects or may affect the rights of persons who are not and who need not be subject personally to the jurisdiction of the court, *the clerk shall issue a warning order*. The warning order shall state the caption of the pleadings, a description of the property or other res to be affected by the judgment of the court, and it shall warn any interested person to appear within 30 days from the first date of publication of the warning order or be barred from answering or asserting

his interest. The warning order shall be published weekly for at least two weeks·in a newspaper of general circulation in the county in which the court is held. No default judgment shall be taken pursuant to this procedure unless the party seeking the judgment or his attorney has filed with the court an affidavit stating that thirty have elapsed since the first publication of the warning order. In any case in which an interested person is known to the party seeking judgment or his attorney, the affidavit shall also state that 30 days have elapsed since a letter enclosing a copy of the warning order and the pleadings was sent to the known interested person at his last known address by a form of mail restricting delivery to the addressee or the agent of the addressee.

(Emphasis added.)

It is a well-settled rule that constructive service is a departure from the common law, and statutes providing for such service are mandatory and must be complied with exactly. This rule applies equally to the service requirements imposed by rules of the court. Proceedings conducted where the attempted service was invalid render judgments arising under them void. *Wilburn* v. *Keenan Companies, Inc.*, 298 Ark. 461, 768 S.W.2d 531 (1989); *Edmonson* v. *Farris*, 263 Ark. 505, 565 S.W.2d 617 (1978); *Davis* v. *Schimmell*, 252 Ark. 1201, 482 S.W.2d 785 (1972).

Here, the appellees' attempts to obtain service by publication did not comply with the provisions of either section of Rule 4. Both sections require that the warning order be issued by the clerk. Here, although the warning orders were published, they were not issued by the clerk of the court as required by the rule but by appellees' attorney. The supreme court has held that compliance with provisions such as this is an essential prerequisite to the publication of warning orders. Absent such compliance, no jurisdiction can be acquired over the defendants and all proceedings as to them are void. *Beidler* v. *Beidler*, 71 Ark. 318, 74 S.W. 13 (1903).

Appellant also argues that the attempts at service by publication were fatally defective in several other respects. Although we see merit in some of those arguments, the view we take of the matter does not require that we address them.

Nor do we find merit in appellees' argument that even though service might have been improper, appellant was required to show meritorious defenses in support of her motions under Ark. R. Civ. P. 60(d). It is well settled that in cases where a judgment is void for lack of jurisdiction, no proof of a meritorious defense is required under that rule. *Cole* v. *First National Bank*, 304 Ark. 26, 800 S.W.2d 412 (1990); *Wilburn* v. *Keenan Companies, Inc.,* *supra.*

Reversed and remanded for entry of an order not inconsistent with this opinion.

COOPER and DANIELSON, JJ., agree.