Anthony JACKSON *v.* Elizabeth Tatum JACKSON

CA 02-539                                    100 S.W.3d 92

Court of Appeals of Arkansas
Division IV
Opinion delivered March 12, 2003

*Kearney Law Office.* by: *Jack R. Kearney,* for appellant.

*Karen Moskowitz,* Center for Arkansas Legal Services, for appellee.

A NDREE LAYTON ROAF, Judge.   Anthony Jackson appeals from the trial court's dismissal of his motion to set aside a divorce decree obtained by appellee, Elizabeth Tatum Jackson.   Service on Anthony had been obtained by warning order, without the filing of an affidavit that a diligent inquiry had been made into Anthony's whereabouts as required by Ark. R. Civ. P. 4(f) (Supp. 2002).   On appeal, Anthony argues that the trial court erred in (1) finding insufficient evidence that Elizabeth obtained service by warning order through fraud and misrepresentation; and (2) failing to set aside the decree upon proof that the warning order had been issued without the requisite affidavit.   We agree that Anthony's second point has merit, and reverse and dismiss.

Anthony and Elizabeth were married in California in 1989 and lived together only in California. During their marriage, they had two children. In 1993, Elizabeth moved to Arkansas leaving the children in Anthony's care.   Elizabeth filed for divorce in Arkansas on August 8, 1996. A warning order was obtained from the chancery clerk on September 17, 1996.   However, there was no affidavit showing that a diligent inquiry had been made to determine Anthony's whereabouts as required by Ark. R. Civ. P. 4(f).   The complaint and summons were sent certified mail, restricted delivery to Anthony by Elizabeth's attorney to an address given him by Elizabeth on September 18, 1996.   The address provided was the address of Anthony's parents.   The letter was subsequently returned unclaimed after attempted delivery on September 27 and October 7, 1996.

The warning order was published in the Lonoke Democrat on September 25, 1996, and again on October 2, 1996.   It is

undisputed that Anthony has always been a resident of California and has never been an Arkansas resident. Anthony did not appear at the Arkansas divorce proceeding to defend the suit. Elizabeth was granted a divorce by default in March 1997, and was awarded custody of the couple's minor children. The court also ordered Anthony to pay child support in the amount of $30 per week and allowed for supervised visitation. The parties continued to communicate and exchange custody of the children between Arkansas and California, however, Anthony alleged that Elizabeth never notified him of the decree.

Anthony filed for divorce in California on November 10, 2000. A hearing was held in California on January 16, 2001, in which Elizabeth presented the Arkansas divorce decree and custody order. The California court declined to exercise jurisdiction because of the existence of the Arkansas judgment. Anthony then filed a Motion to Set Aside the Decree in Lonoke County, asserting that the decree had been issued upon fraud, misrepresentation and/or other misconduct. The motion was denied after a hearing held on January 30, 2002. This appeal follows that decision.

On appeal, Anthony argues that the trial court erred when it (1) found insufficient evidence existed to establish that Elizabeth caused service by warning order to be issued through the use of fraud and misrepresentation, and (2) when it issued a warning order without affidavit that a diligent inquiry had been made as to Anthony's whereabouts as required by Ark. R. Civ. P. 4(f) and the due process clauses of the both the Arkansas and United States Constitution.

In regard to his second point, Anthony argues that it was error both to issue the decree upon the record absent the affidavit of diligent inquiry, and for the trial court to fail to set aside the decree upon proof of this error. At the hearing, there was extensive colloquy between the trial court and counsel concerning the absence of the affidavit. Elizabeth's counsel acknowledged that there was no affidavit in the record, and that the judgment might be "void," but asserted that the only issue the trial court should address was whether Elizabeth or her attorney made a diligent inquiry. In denying the motion to set aside the decree, the trial

court stated that Anthony was served by warning order that was "published according to Rule 4." However, the trial court also stated "for the record" that "there was no proof in front of me today that the warning order was issued after an affidavit was filed," and he refused to make a specific finding that the affidavit was filed before the warning order was issued. The order entered denying the motion to set aside decree provides in pertinent part, "the Court finds that the defendant was properly served in the action by warning order which was published pursuant to Rule 4(f) of the Arkansas Rules of Civil Procedure."

We have found no cases where a warning order has been issued without an affidavit, or where the warning order was obtained before personal service was first unsuccessfully attempted, both of which occurred in this case. However, the supreme court has addressed the requirements for valid constructive service on a number of occasions. In this regard, we first note that Arkansas Rule of Civil Procedure 4(f) (1999) provides in pertinent part:

> (f) *Service Upon Defendant Whose Identity or Whereabouts Is Unknown*
>
> (1) Where it appears by the affidavit of a party or his attorney that, after diligent inquiry, the identity or whereabouts of a defendant remains unknown, service shall be by warning order issued by the clerk and published weekly for two consecutive weeks in a newspaper having general circulation in a county where the action is filed and by mailing a copy of the complaint and warning order to such defendant at his last known address, if any, by any form of mail with delivery restricted to the addressee or the agent of the addressee.

The standard for determining the adequacy of constructive service was set forth in *Davis v. Schimmel*, 252 Ark. 1201, 482 S.W.2d 785 (1972), in which the supreme court, in setting aside the appointment of a receiver where the affidavit for warning order was not in compliance, stated:

> A method of service required for nonresidents is by publication of warning order. Ark. Stat. Ann. §§§§ 52-203, 27-354—357. The

rule is well established that when constructive notice only is given, the requirements of the statute must be strictly complied with. *Sinclair Refining Co. v. Bounds, supra* [198 Ark. 149, 127 S.W.2d 629]; *Swartz v. Drinker*, 192 Ark. 198, 90 S.W.2d 483; *Missouri Pacific R. Co. v. McLendon*, 185 Ark. 204, 46 S.W.2d 626; *Lawrence v. State*, 30 Ark. 719. Where essential statutory provisions governing service by publication are not strictly complied with as to nonresident defendants, all proceedings as to them are void. *Beidler v. Beidler*, 71 Ark. 318, 74 S.W. 13.

. . . .

Where an action is based on constructive service, no action is commenced or cause pending until the proceedings provided for in the governing statute are complied with and if there is no such compliance, the proceedings are void, and the court has no power to take affirmative action. *Swartz v. Drinker, supra; Missouri Pacific R. Co. v. McLendon, supra; Sinclair Refining Co. v. Bounds, supra; Frank v. Frank, supra* [175 Ark. 285, 298 S.W. 1026]. It is only where the affidavit prescribed by Ark. Stat. Ann. §§ 27-354 has been made and warning order based thereon has been issued that the action can be said to have been commenced or the cause pending, and until this is done, the court has no jurisdiction. *Swartz v. Drinker, supra; Missouri Pacific R. Co. v. McLendon, supra; Frank v. Frank, supra.*

The affidavit for warning order must show that the plaintiff has made diligent inquiry and that it is his information and belief that the defendant is a nonresident. It must strictly comply with the statute. *Holloway v. Holloway*, 85 Ark. 431, 108 S.W. 837; *Waggoner v. Fogleman*, 53 Ark. 181, 13 S.W. 729; *Turnage v. Fisk, Executor*, 22 Ark. 286; *Allen & Hill, Admrs. v. Smith*, 25 Ark. 495.

This standard of requiring strict compliance has been followed by the supreme court in a number of Arkansas cases where constructive service was obtained. *See Gilbreath v. Union Bank*, 309 Ark. 360, 830 S.W.2d 854 (1992) (affirming trial court's order setting aside a quiet-title decree where appellant did not state in the affidavit for warning order that defendant's whereabouts were unknown); *Smith v. Edwards*, 279 Ark. 79, 648 S.W.2d 482 (1983) (affirming trial court's dismissal of cross-complaint where appellant failed to conduct a diligent search before

obtaining constructive service upon appellee by warning order); *Pierce v. Pierce*, 259 Ark. 312, 532 S.W.2d 747 (1976) (affirming trial court's vacation of divorce decree where appellant failed to strictly comply with the requirements of constructive service).

■ This court has likewise followed the rationale and decisions of the supreme court when we have addressed the adequacy of constructive service. In *Black v. Merritt*, 37 Ark. App. 5, 822 S.W.2d 853 (1992), this court reversed the trial court's denial of motions to set aside default judgments where the defect complained of was that appellee's attorney, rather than the clerk, issued the warning order, and stated:

> It is a well–settled rule that constructive service is a departure from the common law, and statutes providing for such service are mandatory and must be complied with exactly. This rule applies equally to the service requirements imposed by rules of the court. Proceedings conducted where the attempted service was invalid render judgments arising under them void. *Wilburn v. Keenan Companies, Inc.,* 298 Ark. 461, 768 S.W.2d 531 (1989); *Edmonson v. Farris*, 263 Ark. 505, 565 S.W.2d 617 (1978); *Davis v. Schimmell*, 252 Ark. 1201, 482 S.W.2d 785 (1972).

■ In the case before us, Elizabeth's attempt to obtain service by publication did not comply with the provisions of Rule 4 because no affidavit whatsoever was filed. The supreme court has held that compliance is an essential prerequisite to the publication of warning orders. Absent such compliance, no jurisdiction can be acquired over a defendant and all proceedings as to him are void. *Beidler v. Beidler*, 71 Ark. 318, 74 S.W. 13 (1903).

Because we conclude that this case must be reversed and dismissed on this point, we do not address Anthony's argument that service was obtained through fraud and misrepresentation.

Reversed and dismissed.

CRABTREE and BAKER, JJ., agree.