**ALEXANDER et al. v. PETER HOLDING CO.**

**Civ. No. 11202.**

United States District Court
E. D. New York.

Dec. 1, 1950.

Rubinton & Coleman, Brooklyn, N. Y., (Lester M. Rosenbloom, New York City, of counsel), for plaintiffs, for the motion.

Arnold J. Brock, New York City (Arnold J. Brock and William P. Balaban, New York City, of counsel), for defendant, opposed.

BYERS, District Judge.

This is a plaintiffs' motion to remand to the Supreme Court of New York, on the ground that the removal petition was not filed "within 20 days after the receipt by the defendant * * * of a copy of the initial pleading setting forth the claim for relief * * *." Title 28 U.S.C.A. § 1446(b).

Interpretation of the quoted language is required in view of the uncontested facts as shown in the motion papers.

The action is upon a claim in excess of $3,000 sounding in contract, by a resident of New York against a corporation of New Jersey.

Service of summons and verified complaint was made without the State of New York, and without an order of the Court, on October 12, 1950, which was adequate, in an inchoate sense, to invoke jurisdiction according to Section 235 of the Civil Practice Act of New York, *provided* proof of such service were to be filed within sixty days. The concluding sentence of that Section is: "Service without the state without an order is complete ten days after proof thereof is filed."

There was such filing on October 13, 1950, and thus on October 23, 1950, that which had been tentative became consummate, and the defendant's time to answer was set in motion. Similarly, as to the time within which a removal petition could be filed under the provision quoted.

Actually the latter filing was on November 6, 1950, or 14 days after service was complete, and 25 days after the defendant had received the pleadings.

That this interpretation must be applied to Section 1446(b) follows from these considerations:

There was no action pending which could have been removed, until the three essential elements of service, filing and the lapse of 10 days thereafter, had been accomplished. The failure of any one of them would have deprived the plaintiffs of an opportunity to enter a default judgment if a default had ensued; this is another way of saying that, until all the requisites prescribed in Section 235 of the Civil Practice Act had been met, the basis of jurisdiction in the state court did not exist.

To reason that only one-third of those necessary elements, namely, the service of pleadings, need be shown to set in motion the 20-day period stated in Title 28 U.S.C.A. § 1446(b), would be to overlook the necessity for filing at all; but if that is not done within 60 days, the action dies aborning; so that until there is filing, all that the service of pleadings has set in motion is a tentative process which may ripen into the

starting of a lawsuit, provided other and subsequent conditions are fulfilled.

The defendant cites Lusk v. Lyon Metal Products, Inc., D.C., 9 F.R.D. 250, and Helgeson v. Barz, D.C., 89 F.Supp. 429. Neither case deals with Section 235 of the New York Civil Practice Act, nor with a statute containing any provision similar to that herein discussed and which controls this decision.

■ It is concluded that Title 28 U.S. C.A. § 1446(b), as applied to the facts here presented, must be interpreted to mean that the 20-day removal period started to run on October 23, 1950, ten days after the proof of service without the state was filed, and hence that the filing of the removal petition on November 6, 1950, was timely, and the motion to remand is denied.

Settle order.