## POTTER v. KAHN.

United States District Court
S. D. New York.

Dec. 1, 1952.

Jacob D. Fuchsberg, New York City, George J. Malinsky, New York City, of counsel, for plaintiff.

Graubard & Moskovitz, New York City, for defendant, appearing specially.

McGOHEY, District Judge.

The defendant, a resident and citizen of Switzerland, removed this action for breach of contract from the New York Supreme Court on diversity grounds. He now moves to vacate a warrant of attachment, the order directing service by publication and the service, and to dismiss for lack of jurisdiction.

The plaintiff moves for remand on the ground that the petition for removal was filed too late. This motion is considered first.

The following facts are not in dispute. The New York Court's order directing publication was entered June 5, 1952. It directed that publications be made in two designated newspapers once each week for six weeks, and that prior to publication there be mailed to the defendant copies of the summons, complaint, order of publication and the notice required by Rule 52 of the New York Rules of Civil Practice. The first publication was made on June 11, 1952, the last on July 16, 1952. On June 10, 1952, the designated papers were mailed to the defendant, and were received by him on or about June 24, 1952. Forty-eight days thereafter, on August 11, 1952, the defendant filed his petition for removal.

The statute [1] provides that a petition for removal "shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim * * *." The defendant urges that, despite this clear language, the twenty-day removal period did not commence to run as to him on June 24, 1952, the date when he was first in "receipt" of the initial pleading, but on July 23, 1952, the date when under New York law [2] service on him by publication "became complete." [3] This proposition can be sustained only by reading into the statute a provision which is not only not

there but which Congress seems deliberately to have omitted.[4] That, I think, is beyond this Court's power.

Accordingly, the plaintiff's motion to remand is granted and the defendant's motions are left for consideration by the State Court.

Settle order.

1. 28 U.S.C.A. § 1446(b).

2. Rule 51, N.Y.Rules of Civ.Prac.

3. See Alexander v. Peter Holding Co., D. C., 94 F.Supp. 299.

4. See Reviser's Notes in 28 U.S.C.A. § 1446(b).