**GREGORY et al. v. WEST VIRGINIA
PULP & PAPER CO. et al.**

No. 203.

United States District Court
E. D. North Carolina, Elizabeth City Division.

May 12, 1953.

LeRoy & Goodwin, Elizabeth City, N. C.,
for plaintiffs.

Rodman & Rodman, Washington, N. C.,
for defendants.

GILLIAM, District Judge.

The plaintiffs' motion to remand this
cause to the State Court was heard at the
regular Spring Term, 1953, in the Washing-
ton Division, LeRoy & Goodwin, of Eliza-

beth City, N. C., representing the plaintiffs; and Rodman & Rodman, of Washington, N. C., representing West Virginia Pulp & Paper Company, at whose instance the cause was removed from the State Court to this Court.

The plaintiff, P. P. Gregory, is a citizen of North Carolina and West Virginia Pulp & Paper Company is a citizen of Delaware. The amount involved is in excess of $3,000.00, exclusive of interest and cost.

On April 12, 1949, a proceeding for partition was instituted in the Superior Court of North Carolina for Dare County by T. M. Creef and wife, Alma C. Creef, and Alethia S. Sawyer, against the Dare Corporation, and others. Neither P. P. Gregory nor West Virginia Pulp & Paper Company was a party to the proceeding. The Dare Corporation removed this action to this Court, but on September 15, 1949, this Court found such removal to be improvident and an order was thereupon entered remanding the cause to the State Court. Later, plaintiff P. P. Gregory, filed an affidavit in the cause setting forth certain conveyances to him from the parties and deeds from The Dare Corporation and one Maloof, purporting to convey to West Virginia Pulp & Paper Company certain interests in the land involved and praying that he and West Virginia Pulp & Paper Company be made parties to the proceedings and allowed to file their pleadings. Upon this affidavit an order was entered by the Clerk of the Superior Court of Dare County as prayed. This order provides that P. P. Gregory be made a party as petitioner and allowed to file his petition in the proceeding, that West Virginia Pulp & Paper Company be made a party respondent, and that summons and the original petition and amended petition of P. P. Gregory be served upon said corporation. An amended petition was then filed by Gregory, alleging that he had acquired the interests of all other parties to the original proceedings and is now the sole owner in fee simple of the lands described in the pleadings, and praying that he be declared the owner and entitled to possession thereof, and that the claim of West Virginia Pulp & Paper Com-

pany be removed as a cloud. The West Virginia Pulp & Paper Company, alleging that it owns a certain interest in the lands and timber thereon, opposes the prayer of Gregory and removed to this Court on the ground of diversity of citizenship. None of the parties to the original proceedings oppose Gregory's claim to the land.

So far as the West Virginia Pulp & Paper Company is concerned, the only controversy is between it and Gregory. It was brought into the case to contest that question and the parties named in the original proceeding are not involved. It has been converted into an entirely new case between the party, a citizen of North Carolina, who claims to have acquired the full title to the lands, and a Delaware corporation, who denies the claim. It makes no difference that the names of other citizens of North Carolina appear in the title of the cause. They are neither necessary or indispensable parties to the controversy which exists between West Virginia Pulp & Paper Company and Gregory, and their names will be struck. "Unnecessary parties may be disregarded, but indispensable parties may not. If certain parties are not indispensable the action may be dismissed as to them, or their names stricken, in order that the action may proceed as one within Federal jurisdiction." 1 Barron and Holtzoff, Sec. 26. "An 'indispensable party' is one whose interests in the subject matter of the suit and in the relief sought are so bound up with that of the other parties that his legal presence as a party to the proceeding is an absolute necessity without which court cannot proceed." Baltimore & Ohio R. Co. v. Chicago River & I. R. Co., 7 Cir., 170 F.2d, page 654. Certainly that situation does not prevail here. As a matter of fact, the persons whose names appear in the title of the original proceedings are only nominal parties, who have no interest whatever in the controversy. They are not necessary parties, for a "necessary party * * * is a person having such an interest in the controversy that he ought to be made a party in order to finally determine the entire controversy, but whose interest is separable." Savoia Films S. A. I.

v. Vanguard Films, D.C., 10 F.R.D., pages 64, 66. The entire controversy here can be determined without the presence of the original petitioners and respondents.

Counsel for Gregory insists that the grantors in the deeds to Gregory are "real parties in interest, proper parties and interested parties", by reason of their potential liabilities on their warranties, and cites Plotkin v. Merchants' Bank & Trust Co., 188 N.C. page 711, 125 S.E. 541, and other cases. These authorities do not seem to meet the exact question here, as they only support the proposition that such parties are proper.

 However, as West Virginia contends, if it be admitted that the warrantors in the deeds to Gregory are indispensable parties, even so the necessary diversity exists, as the Court must align the parties according to their respective interests; and, obviously, such alignment would place Gregory and his grantors, also citizens of North Carolina, on the same side of the controversy with only West Virginia on the other. "Diversity jurisdiction cannot be conferred upon the federal courts by the parties' own determination of who are plaintiffs and who defendants. It is our duty, as it is that of the lower federal courts, to 'look beyond the pleadings, and arrange the parties according to their sides in the dispute'." City of Indianapolis v. Chase National Bank, 314 U.S., pages 63, 69, 62 S.Ct. 15, 17, 86 L.Ed. 47.

 The position of counsel for Gregory that West Virginia is precluded by the former order remanding to the State Court cannot be sustained. "After remand, a second petition for removal on the same ground is not allowable, but a second petition may be filed if subsequent pleadings or conduct of the parties make removable a case not previously removable." 1 Barron & Holtzoff, Sec. 109. "New party, brought in by cross-bill, against whom defendants seek affirmative relief, not involved in original proceeding, may remove for diversity of citizenship." Habermel v. Mong, 6 Cir., 31 F.2d, page 822, 67 A.L.R. 216.

An order denying the motion to remand will be entered.