**RICHLIN ADVERTISING CORP.**

v.

**CENTRAL FLORIDA BROAD- CASTING CO. et al.**

United States District Court, S. D. New York.

July 22, 1954.

508

Daniel S. Berman, New York City, for plaintiff.

Breitbart & Breitbart, New York City, for defendants, Arthur S. Bruckman, New York City, of counsel.

DAWSON, District Judge.

The plaintiff moves for an order to remand this action to the Supreme Court of the State of New York, County of New York, on the ground that the removing defendants' petition and bond was not filed within the time required by 28 U.S.C. § 1446(b) which provides, in part, that the petition—

"shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

The following facts are not in dispute:

The action is upon a claim in excess of $3,000 sounding in contract by a New York corporation against two corporations organized under the laws of the State of Florida.

The plaintiff obtained an order of attachment against the defendants, and in accordance with the provisions of Section 235 of the Civil Practice Act of the State of New York, a copy of the summons and complaint was delivered to the defendants in the State of Florida on May 28, 1954. Proof of service was filed with the Clerk of the County of New York on June 21, 1954.

Section 235 of the Civil Practice Act of the State of New York permits personal service without the State without an order in various situations, including those in which an order of attachment has been obtained. The Section provides, in part:

"Proof of service without the state without an order shall be filed within sixty days after such service. Service without the state without an order is complete ten days after proof thereof is filed."

On June 17, 1954, the Clerk of the Court received by mail from an attorney in Florida not admitted to practice in this Court a removal petition. The Clerk of the Court was advised by telephone on the following day of the name of New York attorneys who were to represent the petitioners. Thereafter, the petition was accepted and filed as of June 22, 1954. The removal bond, however, was not acknowledged in Florida until June 25, 1954, and was not filed until June 28, 1954.

Plaintiff contends that since the defendants received the summons and complaint on May 28, 1954, their time to file the removal petition and bond expired 20 days thereafter, which was June 17, 1954. Defendants make two contentions: (1) that the removal petition was properly filed on June 17, 1954, within the time limit, even though it was not filed by an attorney admitted to practice in this court, and (2) that under the provisions of Section 235 of the Civil Practice Act, service was not complete until 10 days after proof of service was filed, and that, therefore, they had until 20 days after June 21, 1954 (the date on which proof of service was filed) to file the petition for removal and bond.

If the only defect in the filing of the removal petition had been the fact that it was filed by an attorney not

admitted to practice in this Court, it is possible that this defect would not be regarded as a substantial one. However, this question need not be considered, since the removal bond was not filed until June 28, 1954. 28 U.S.C. § 1446(d) provides that each petition for removal must be accompanied by a bond. Therefore, the filing of the petition without the bond made the filing of the petition, in any event, incomplete until the bond was filed. We must, therefore, consider that the petition was not properly filed until at least June 28, 1954, which was more than 20 days after the defendants had received the copy of the initial pleading setting forth the claim for relief upon which the action was based.

The defendants urge that, despite the clear language of 28 U.S.C. § 1446(b), the 20-day removal period did not commence to run on the date when they first received the initial pleading but on June 21, 1954, the date when, under the New York law, service was complete. A contention similar to that of the defendants was sustained by Judge Byers in the Eastern District of New York in Alexander v. Peter Holding Co., D.C.1950, 94 F.Supp. 299. A decision to the contrary, in a similar situation, was made in this District by Judge McGohey in Potter v. Kahn, D.C. 1952, 108 F.Supp. 593.

After careful consideration of the conflicting views, I agree with the latter holding. Prior to 1948, the removal provision required that the petition be filed—

at "any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead". 28 U.S.C. Sec. 72 (1940 Ed.) Mar. 3, 1911, Ch. 231, Sec. 29, 36 Stat. 1095.

The 1948 revision of the Judicial Code made various changes in removal procedure and requirements. Section 1446 (b) of Title 28, as originally enacted as part of the revision, provided that the petition was to be filed "within twenty days after commencement of the action or service of process, whichever (was) later."[1] It was amended by the Act of 1949[2] so that, at present, the petition must be filed within 20 days after the receipt by the defendant of a copy of the initial pleading, or within 20 days after the service of summons, if the initial pleading is not required to be served on the defendant, "whichever period is shorter". It may be assumed that Congress intended to achieve uniformity on a nationwide basis as to the period in which petitions for removal were to be filed. The revisor's notes state that the revised section was intended to "give adequate time and operate uniformly throughout the Federal jurisdiction."[3]

The use of a fixed period of 20 days and the elimination of the reference to state laws and rules and to the statement about "commencement of action or service of process" appears to emphasize that objective and to make it clear that the time for filing a removal petition was to be limited to within 20 days after the receipt by the defendant of a copy of the initial pleading, in the event that a pleading was delivered to him; and that this was to be so irrespective of the date upon which the time to answer might begin to run or the date upon which, under the state law, the action may have been said to have been started. See Dutton v. Moody, D.C.S.D.N.Y. 1952, 104 F.Supp. 838.

Accordingly, the plaintiff's motion to remand is granted.

Settle order.

1. June 25, 1948, Ch. 646, § 1, 62 Stat. 939.

2. May 24, 1949, Ch. 139, § 83, 63 Stat. 101.

3. 28 U.S.C.A. § 1446; See Moore's Commentary on the United States Judicial Code (1949 ed.) at 272, 273.