**RAYMOND'S, Inc.**

v.

**NEW AMSTERDAM CASUALTY COMPANY.**

Civ. A. No. 56–926.

United States District Court
D. Massachusetts.

Nov. 27, 1956.

state court. More precisely, the issue is whether the 20 day period, specified in 28 U.S.C. § 1446, begins to run from the return day when plaintiff filed in a Massachusetts state court a writ and declaration in an action at law, the declaration not having been (a) previously served upon defendant, or (b) actually received by him, or (c) filed at the time defendant was served with summons.

The relevant removal statute is § 83 of The Act of May 24, 1949, c. 139, 63 Stat. 101, 28 U.S.C. § 1446. It provides that 28 U.S.C. § 1446 shall be amended to read:

"(b) The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

This paragraph contemplates these situations: (1) receipt of the declaration by the defendant through service, (2) receipt otherwise, and (3) service of summons after the declaration has been filed in court. Of these three possible situations only the second is here relevant.

Plaintiff commenced its action of contract by a writ of attachment and summons issued out of the Superior Court for the County of Suffolk, under date of August 28, 1956. Authority for this method of commencing suit is found in Mass.G.L. c. 223, §§ 16 and 18. In accordance with Mass.G.L. c. 223, § 14, plaintiff made the writ returnable at the Superior Court October 1, 1956. Taking advantage of §§ 11 and 12 of Mass.G.L. c. 231 which provide that "the writ need not contain a declaration" but that "the declaration * * * may be filed in the clerk's office on or before the return day of the writ", plaintiff filed in the state

Guterman, Horvitz & Rubin, Boston, Mass., for plaintiff.

Samuel H. Cohen, Boston, Mass., for defendant.

WYZANSKI, District Judge.

The sole question is whether defendant has made a timely removal from the

court on October 1, 1956, the return day, both the writ and declaration. Defendant first learned of the declaration when, as a matter of courtesy, plaintiff mailed the declaration to it sometime after October 4, 1956. On October 24, 1956 defendant filed in this court its petition for removal. If the 20 day period is calculated from October 1, the removal petition was tardy.

In my opinion the petition was filed too late because I have concluded that the 20 day period began to run from the day set for the return of plaintiff's writ, provided that on or before that day the state court had received the declaration. I confess that this conclusion does not appear clearly in the language of the 1949 statute, but I believe it is warranted by the text of the statute, by its history and by its policy.

■■ The removal act refers to "receipt * * * through service or otherwise". This language is sufficiently broad to cover receipt by a party's statutory agent or one authorized to receive and show. Of course, the federal statute does not expressly designate the state court as defendant's agent to receive the declaration. However, the federal statute takes advantage of the Massachusetts statute. That local law requires plaintiff to deposit the declaration with the state court without necessarily serving it on defendant or otherwise communicating it to defendant. Thus the Massachusetts practice treats the state court as receiving the declaration for and on behalf of defendant. Defendant is regarded as having notice that the court on the return day will be holding the declaration, if it has been seasonably filed. The court in fact may have received the declaration earlier, if, in accordance with Mass.G.L. c. 231, § 12, plaintiff has proceeded expeditiously. But since defendant could hardly know of such extraordinary promptness, I conclude that it is not until the return day that he is put on notice that the state clerk is holding the declaration. From then on, whether or not defendant looks at the clerk's file, defendant is treated under Massachusetts

law as being in constructive receipt of the declaration—and no further receipt is required to impose upon defendant obligations to answer and in general to follow the progress of the case. Since Massachusetts treats defendant as in receipt of the declaration, I rule that the federal statute in calculating removal time also treats defendant as in receipt of the declaration from the return day, provided that the declaration is then on file.

This conclusion is buttressed by the history of the removal statute. As the statute stood from the 1911 codification of the Judicial Code, Act of Mar. 3, 1911, c. 231, 36 Stat. 1087, 1095 until 1948, a defendant seeking to remove this type of suit filed a petition in the state rather than the federal court, and was allowed to do it "any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead to the declaration or complaint of the plaintiff." In short, in Massachusetts defendant had to move within 20 days of the return day.

The 1948 Judicial Code, Act of June 25, 1948, c. 646, 62 Stat. 869, 939 changed the procedure for removal. Now § 1446 required defendant to file his petition not in the state but in the federal court. And § 1446(b) provided that the petition "may be filed within twenty days after commencement of the action or service of process, whichever is later." Since in Massachusetts it would appear that the plaintiff commences the action when he fills out the writ, the 20 day period ran from the time defendant was served.

Congress was advised that the 1948 statute operated in Massachusetts and some other states so as to require defendant to petition for removal at a time when he might not know what was in the declaration. For in Massachusetts he might have had the writ for 20 days but yet not be entitled to the declaration, if the return day had not been reached. It was solely to cure this situation that Congress adopted the 1949 revision of § 1446(b), the provision now in issue. That this was the object is shown in Sen.

Rep.No. 303, 81st Cong., 1st Sess. (April 29, 1949) at page 6, as follows:

"In some States suits are begun by the service of summons or other process without the necessity of filing any pleading until later. As the section now stands, this places the defendant in the position of having to take steps to remove a suit to the Federal Court before he knows what the suit is about. As said section is herein proposed to be rewritten, a defendant is not required to file his petition for removal until 20 days after he has received (*or it has been made available to him*) a copy of the initial pleading filed by the plaintiff setting forth the claim upon which the suit is based and the relief prayed for. It is believed that this will meet the varying conditions of practice in all States." U.S.Code Cong.Service 1949, p. 1254. (Emphasis added.)

It would do violence to this intention, if I were now to construe the 1949 amendment as extending into an indefinite future the time within which defendant could file a removal petition.

Not only does the history of the removal statute show that Congress intended to start the 20 day period from the time the declaration became available to defendant, but the policy of the removal law favors starting to calculate the 20 day period from that time. While Congress has been generous with respect to removals, it has, in general, sought to promote a prompt determination by defendant whether he intends to take advantage of the removal procedure. It would therefore be normal to start the calculation from the time defendant could know of the claim against him whether or not he has been prompt in going to the courthouse to find the declaration. No doubt, it would have been possible to express this idea more clearly than is done in the 1949 revision of § 1446. But a sympathetic reader can realize the point at which Congress was driving. And the language chosen while not altogether happy is at least consistent with the Congressional purpose.

It follows that the petition for removal coming too late, this case must be remanded, and to that end the Clerk is directed to prepare a proper order.