Hazel W. FRENCH, Plaintiff,

v.

**BANCO NACIONAL DE CUBA,**
Defendant.

United States District Court
S. D. New York.

March 27, 1961.

Regan & Barrett, New York City, for plaintiff.

Rabinowitz & Boudin, New York City, for defendant.

EDELSTEIN, District Judge.

This motion to remand presents for decision the question of when the time limitation for removal contained in 28 U.S.C. § 1446(b) begins to run.

Plaintiff commenced the action by procuring the issuance of a warrant of attachment by the Supreme Court, New York County, on October 11, 1960. Pursuant to the warrant, the Sheriff levied on funds of the defendant held by various banks in New York City. On October 29, 1960, plaintiff obtained an order of the court directing service of the summons by publication. The order directed that a copy of the summons and complaint, order of publication and the notice required by Rule 52 of the N.Y. Rules of Civil Practice be mailed to defendant. Copies of the aforesaid papers were mailed on November 4, 1960. Plaintiff's allegation that the papers were received on or about November 7, 1960, stands uncontradicted. The petitition and bond for removal were filed in this Court on December 22, 1960. Plaintiff has moved to remand the action to the state court on the ground that the petition for removal was not filed within twenty days after receipt by defendant of a copy of the initial pleading setting forth the removable claim.

Removal procedure is governed by 28 U.S.C. § 1446(b), the relevant portion of which follows:

"(b) The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth

the claim for relief, upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

Defendant argues that the time for filing the removal petition commences to run when service by publication is complete pursuant to Rule 51 of the N.Y. Rules of Civil Practice. The word "otherwise," as used in § 1446(b), is to be given a restrictive reading which would eliminate the alternative of receipt of the complaint by mailing. If that be the correct interpretation of § 1446(b), then the removal petition filed on December 22, 1960, was timely, because service by publication was deemed completed on December 13, 1960. In support of this argument defendant cites the legislative history of § 1446(b). But defendant's interpretation would have the court read into the legislation a greater dependence upon state procedures than is evident from the Congressional intent.

In 1948 Congress made substantial changes in the removal procedure theretofore in force under the Judicial Code. In prescribing a new time limitation, the 1948 revision of § 1446(b), 62 Stat. 939, provided that the petition for removal "may be filed within twenty days after commencement of the action or service of process, whichever is later." Under the statute as thus written, defendant's position would have merit. It quickly became apparent, however, that the language employed by Congress led to difficulties due to the diverse state procedures for commencement of actions and service of process. See 1949 U.S.Code Congressional Service 1268; Moore's Commentary on the U. S. Judicial Code 272–73 (1949). Based on some of the state rules, a defendant might be required to file his petition before he knew what the suit was about. See 1949 U.S. Code Congressional Service 1254. The 1949 amendment, 63 Stat. 101, sought to eliminate this unfairness by providing a time limit which would operate with a greater degree of uniformity throughout the federal system.

Defendant argues that Congress did not intend to ignore state procedural requirements and that the intent was to provide for compliance with the diverse state laws. Certainly Congress did not propose to eliminate all reference to state procedures, nor could it practicably have done so had it wished. But rather than rely on compliance with the different practices of the states concerning commencement and service of process, Congress intended, through a fixed twenty-day period, to harmonize the removal time with divergent state rules. See Richlin Advertising Corp. v. Central Florida Broadcasting Co., D.C.S.D.N.Y. 1954, 122 F.Supp. 507, 509. Thus, the key to the time for removal became actual or constructive receipt by defendant of the initial pleading setting forth the removable claim. The purpose of computing removal from receipt is "to enable the defendant to intelligently ascertain removability from the face of such initial pleading * * *." Ardison v. Villa, 10 Cir., 1957, 248 F.2d 226, 227. Defendant's position "can be sustained only by reading into the statute a provision which is not only not there but which Congress seems deliberately to have omitted." Potter v. Kahn, D.C.S.D.N.Y. 1952, 108 F.Supp. 593, 594.

Neither do the decided cases in this district support defendant's reading of the statute. Potter v. Kahn, supra; Richlin Advertising Corp. v. Central Florida Broadcasting Co., supra; Mann v. Compania Petrolera Trans-Cuba, S.A., 60 Civ. 4732, D.C.S.D.N.Y. February 28, 1961; see McCargo v. Steele, D.C.W.D. Ark.1957, 151 F.Supp. 435. In fact, they specifically reject the proposition advanced by defendant. Defendant attempts to distinguish Potter v. Kahn, supra, on the spurious ground that the legislative history was not brought to the court's attention. The court's citation to the Reviser's Notes in footnote 4 is

ample evidence that the court carefully considered the legislative history.

Moreover, the cases relied on by defendant are not inconsistent with the result reached here. In Potter v. McCauley, D.C.D.Md.1960, 186 F.Supp. 146, the formal service by publication was never attempted and the court refused to accept a reading of "otherwise" in § 1446(b) as encompassing an informal notice mailed to defendant. Under the Massachusetts rules, the court in Raymond's Inc. v. New Amsterdam Cas. Co., D.C.D. Mass.1956, 159 F.Supp. 212, treated defendant as being in receipt of the pleading on the return day of the writ of attachment. For it was then that defendant had notice that the pleading was available for his inspection. Thus, whether or not state procedure is regarded as controlling, it is receipt of the pleading which activates the twenty day period. Similarly, in Rodriguez v. Hearty, D.C.S.D.Tex.1954, 121 F.Supp. 125, receipt of the pleading provided the touchstone, and plaintiff's use of an improper method of service could not begin the running of the twenty day period. "Otherwise" as used in § 1446(b) was not held to mean at plaintiff's pleasure outside the procedural framework. But in the instant case, plaintiff did employ a prescribed procedure which apprised defendant of the nature of the claim by mailing to it a copy of the pleading. To accept defendant's position would result in granting more time for removal than Congress contemplated and negativing the policy of uniformity and speedy removal where warranted. See Moore's Commentary on the U.S. Judicial Code 273 (1949).

Accordingly, the time for removal begins to run from the time defendant actually received a copy of the complaint. This is in accord with the weight of authority in those cases, supra, which have construed the twenty day limitation as it relates to removal from the courts of New York. Contra, Alexander v. Peter Holding Co., D.C.E.D.N.Y.1950, 94 F.Supp. 299. The complaint was mailed on November 4, 1960. A proper mailing raises a rebuttable presumption of due delivery to the addressee. Mann v. Compania Petrolera Trans-Cuba, S.A., supra, and cases there cited. Counsel's oral disclaimer, at the argument of the motion, of personal knowledge as to time of receipt is insufficient to rebut this presumption. Since the mailing was not between two points in New York City, judicial notice of the precise date of receipt is not justified. See Mann v. Compania Petrolera Trans-Cuba, S.A., supra. The court in Mann had no difficulty, however, in finding that a complaint mailed more than seventy days prior to the filing of the petition was received in Havana, Cuba, more than twenty days before the removal petition was filed. Here, the filing took place more than forty-five days after the mailing. I find that the defendant received the initial pleading setting forth the removable claim more than twenty days before the petition was filed. The motion to remand the action to the Supreme Court of New York is therefore granted.

Settle order on notice within ten days.