Marjorie **BARR**, Plaintiff,

v.

Obbie Marie **HUNTER** and Rudy Coleman Blankenship, Defendants.

No. 1920.

United States District Court
W. D. Missouri, S. D.

Oct. 17, 1962.

Warren S. Stafford, Springfield, Mo., for plaintiff.

James P. Gray, Cox & Gray, Springfield, Mo., for defendant Hunter.

E. C. Curtis, Springfield, Mo., for defendant Blankenship.

JOHN W. OLIVER, District Judge.

Plaintiff has moved to remand this case to the Circuit Court of Greene County, Missouri, from which it was removed, on the ground that defendant's petition for removal was filed after the twenty day period provided in § 1446(b), Title 28, United States Code,[1] had expired. Plaintiff's motion will be sustained. This memorandum opinion will be published in order that the Bar be advised of this Court's agreement with Mahony v. Witt Ice & Gas Co., (W.D. Mo.1955) 131 F.Supp. 564, 569.

The facts are not in dispute. Plaintiff's amended petition was filed in the State court on July 16, 1962. Service was obtained on defendant Blankenship on July 18, 1962, pursuant to Section 506.240, Revised Statutes of Missouri, 1959, V.A.M.S., by serving the Secretary of State of Missouri. A copy of plaintiff's amended petition and summons was mailed by registered mail and was received by defendant on July 21, 1962. The registered return receipt card, however, was not filed with the Clerk of the State court until August 15, 1962.

The petition for removal was filed on August 28, 1962. That filing was within twenty days after the return receipt card had been filed with the Clerk, but not within twenty days after the defendant received a copy of the amended petition.

In opposing remand, defendant cites Parker v. Bond, 330 S.W.2d 121 (Mo. Sup.Ct.1959) contending that in that case "the Missouri Supreme Court held that service under § 506.240, et seq. is not complete until the registered return receipt card is filed". From that premise, defendant argues that "the Circuit Court of Greene County had no jurisdiction against defendant Blankenship until the registered return card was filed"; that "defendant should not be required to file a petition for removal prior to that time"; and that "the removal time should date from the time State Court acquired jurisdiction of defendant".

Defendant principally relies on Alexander v. Peter Holding Co., (E.D.N.Y. 1950) 94 F.Supp. 299. That case has not been followed. In fact, it has been expressly disapproved. See Richlin Advertising Corp. v. Central Florida Broadcasting Co., (S.D.N.Y.1954) 122 F.Supp. 507, 509; McCargo v. Steele, (W.D.Ark. 1957) 151 F.Supp. 435, 437; and French v. Banco Nacional de Cuba, (S. D.N.Y.1961), 192 F.Supp. 579, 581.

In Mahony, Judge Ridge definitively determined that "the statute is clear and unequivocal in providing that the 20 days is to run from the *receipt* by the *defendant*, through service or *otherwise*, of a copy of the initial pleading", and that "when the statute provides that the 20 days are to run from the receipt of a copy of the pleading by the defendant it means just that and we can see no reason for holding otherwise." Judge Duncan and then Judge Whittaker concurred in that ruling because it represented a slight departure from former opinions by Judge Reeves.[2] Ardison v. Villa, (10th Cir., 1957) 248 F.2d 226, 227, among other cases, cites Mahony with approval, and Professor Moore in 1A of Moore's Federal Practice, 1235–36, indicates his agreement with Mahony by quoting extensively from Judge Ridge's opinion in that case.

1. "The petition for removal of a civil action or proceeding shall be filed within twenty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within twenty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

2. See Bohn v. Lester, (W.D.Mo.1952) 102 F.Supp. 261 and Heston v. Horton, (W.D. Mo.1953), 115 F.Supp. 13. Those cases held the time for removal began to run from the date of service on the Secretary of State rather than from the date of receipt by the defendant of a copy of plaintiff's pleading.

The Congressional history of the 1948 amendment to the removal act, cited and discussed in the cases to which we have referred, is consistent with Mahony and our action in applying the rationale of that decision to the facts of this case.

For the reasons stated, plaintiff's motion to remand will be sustained and the case ordered remanded to the State court with costs assessed against the defendant.

It is so ordered.