Margaret Louise KULBETH

v.

Liza Minelli WOOLNOUGHT.

Civ. A. No. 71–H–141.

United States District Court,
S. D. Texas,
Houston Division.

March 12, 1971.

On Motion for Reconsideration
April 8, 1971.

Donald R. Royall, Fouts, Moore, Caldwell & Coleman, Houston, Tex., for plaintiff.

Joe W. Steelman, Houston, Tex., Henry Klepak, Dallas, Tex., Irving I. Erdheim, Erdheim, Shalleck & Falk, New York City, for defendant.

SINGLETON, District Judge.

*Opinion and Order:*

This suit was originally commenced in the 157th District Court of Harris County, Texas, to recover for tortious conduct allegedly leading to the destruction of plaintiff's marriage. Defendant removed to federal court under 28 U.S.C. § 1441 et seq. After plaintiff's motion to remand was granted, defendant removed for a second time. Once again, the plaintiff has moved for a remand to state court.

The central issue concerns the application of 28 U.S.C. § 1446(b), which provides in part:

"The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

Prior to the revision of the judicial code in 1948, removal was accomplished, not by the filing of the removal petition in federal court as is now the practice under Section 1446(a), but by the filing of it in state court. *See* 28 U.S.C. §§ 72, 74, 1940 ed. Under the former practice, the removal petition could be filed at "any time before the defendant is required by the laws of the State or the rule of the State court in which such suit is brought to answer or plead." 28 U.S.C. § 72, 1940 ed. There is a dual purpose which prompted Congress to make this change. First, Congress deemed it desirable that there be some degree of uniformity with regard to the time for filing of removal petitions. Under the pre-1948 practice, the time for filing was variable depending upon the state jurisdiction from which a particular case was being removed. Secondly, "the manifest purpose of starting the period for removal from the date of the service of the 'initial pleading' is to enable the defendant to intelligently ascertain removability from the face of such initial pleading, so that in his petition for removal, he can make a '* * * short and plain statement of the facts which entitle him or them to removal * * *' as required in 28 U.S.C. § 1446(a)," Ardison v. Villa, 248 F.2d 226, 227 (10th Cir. 1957). Any determination as to the timeliness of a removal from state court must be made in harmony with this congressional intent.

In the instant case, suit was filed in state court on April 17, 1970, with service being made upon the Texas Secretary of State in accordance with Article 2031b, Vernon's Ann.Tex.Civ.St. on April 27. Defendant's first removal petition was filed on June 5, 1970. Plaintiff moved for a remand on the basis of untimely filing in that on April 23, 1970,

defendant's local counsel had contacted plaintiff's attorney and requested that a copy of the petition be forwarded to him. A copy was mailed to him on the same day, though it has not been established whether or not he ever received it. Defendant contested the motion by an affidavit of defense counsel which said that defendant had never received a copy of the petition. The motion to remand was granted at a hearing held on December 7, 1970, at which time the court accepted as true the statement of defendant's attorney that defendant had never received a copy of the complaint, but held that any removal prior to that occurrence was premature. *See* Evans-Hailey Co. v. Crane Co., 207 F.Supp. 193 (M.D.Tenn.1962); Milton A. Jacobs, Inc. v. Manning Mfg. Corp., 171 F.Supp. 393 (S.D.N.Y.1959). Defendant removed a second time on February 5, 1971. On February 2, 1971, defendant, through advice of counsel, actually received a copy of the petition. On February 12, defendant answered and, by doing so, entered a general appearance.

■ Plaintiff correctly contends that the date of actual receipt by defendant of a copy of the petition is the date from which the 30-day period in Section 1446(b) starts to run. This has been held on many occasions. Ardison v. Villa, *supra;* Campbell v. Associated Press, 223 F.Supp. 151 (E.D.Pa.1963); Barr v. Hunter, 209 F.Supp. 476 (W.D. Mo.1962); French v. Banco Nacional De Cuba, 192 F.Supp. 579 (S.D.N.Y.1961); McCargo v. Steele, 151 F.Supp. 435 (W.D.Ark.1957); Mahoney v. Witt Ice & Gas Co., 131 F.Supp. 564 (W.D.Mo. 1955); Potter v. Kahn, 108 F.Supp. 593 (S.D.N.Y.1952). Compare Potter v. McCauley, 186 F.Supp. 146 (D.Md.1960). As the court said in Potter v. Kahn, *supra,* 108 F.Supp. p. 594:

"This proposition [that the complaint was 'received' when service was perfected] can be sustained only by reading into the statute a provision which is not only not there but which Congress seems deliberately to have

omitted. That, I think, is beyond this Court's power."

Therefore, a state court petition is not necessarily received within Section 1446 (b) upon the completion of service unless it is physically received by the defendant.

■ It must be emphasized also that receipt by defendant's attorney is not a receipt by the defendant. *See* Flowers v. Aetna Cas. & Surety Co., 163 F.2d 411 (6th Cir. 1947). Compare Ransom v. Brennan, 437 F.2d 513 (5th Cir. Jan. 11, 1971); Barber v. Willis, 246 F.Supp. 814 (N.D.Ga.1965). Rule 5(b), F.R.Civ.P., providing that whenever service is required under the federal rules upon a party represented by an attorney the service shall be made upon the attorney, is not applicable. Under Rule 81(c), the federal rules govern procedure after, not prior to, removal. This reading of Section 1446(b) is consistent with the principle that the removal provisions, being technical in nature, must be technically and strictly construed. See 1 Federal Practice and Procedure, Barron & Holtzoff, § 101, p. 460 citing Finn v. American Fire & Cas. Co., 207 F.2d 113 (5th Cir. 1953). "Receipt by the defendant" as that phrase appears in Section 1446 (b) means exactly what it says.

■ Plaintiff contends that defendant received the state court petition on December 4, 1970, when, in the course of defendant's deposition, one of her attorneys removed a copy from his file and gave it to her so that she could be questioned about it. This argument is not persuasive. On December 7, 1970, at the hearing on plaintiff's first motion to remand, it was found that defendant had not theretofore received a copy of the petition. That finding will be left undisturbed. The only date after December 7 on which it is suggested that defendant received the petition is February 2, 1970. Having thus been effected on February 5, 1971, removal is timely.

■ It is said, however, that a second removal, after a motion to remand has been granted, may only be entertained when it is based upon a new ground of

removal. No doubt this is so. Texas Plumbing Co. v. Zurn Industries, 168 F.Supp. 144 (N.D.Tex.1958); Gray v. Stanford Research Institute, 108 F.Supp. 639 (N.D.Tex.1952). A second removal petition may, however, be filed if subsequent pleadings or *conduct of the parties*, make removable a case not previously removable. 1 Barron & Holtzoff, *supra*, § 109, p. 542; Gregory v. West Virginia Pulp & Paper Co., 112 F.Supp. 8, 10 (E.D.N.C.1953). It has previously been found that this suit became removable for the first time on February 2, 1971.

■ Plaintiff's only other contention is Section 1447(d) which precludes review of orders of remand "by appeal or otherwise." In this regard, it is sufficient to say only that a removal subsequent to an order of remand is not a review of the previous order nor does it constitute an appeal. Rather, a second removal is considered independently of an earlier removal when based upon conditions which have significantly changed since the prior removal.

For the reasons expressed above, plaintiff's motion to remand the above-styled-and-numbered cause to the 157th District Court of Harris County, Texas, will be denied. So ordered.

The clerk of this court is directed to file this opinion and order and thereafter forward true copies to counsel of record.

## ON MOTION FOR RECONSIDERATION

■ The only new matter raised by plaintiff in support of her request that her motion for remand be reconsidered is that defendant made a general appearance in state court long before the second removal petition was filed in federal court. On May 15, 1970, defendant filed in state court "Defendant's Special Appearance and Motion to Dismiss." This was done pursuant to Rule 120a, Tex. Rules of Civil Procedure which permits out-of-state defendants to make special appearances "by sworn motion filed prior to plea of privilege or any other plea, pleading, or motion" solely for the purpose of "objecting to the jurisdiction of the court over the person or property of the defendant on the ground that such party or property is not amenable to process issued by the courts of this State". The right to make a special appearance is readily waivable, for "[e]very appearance, prior to judgment, not in compliance with this rule is a general appearance." In this instance, the special appearance filed by defendant was not verified by affidavit. The effect of this, as at least one Texas court has held, is that defendant thereby entered a general appearance, thus consenting to the jurisdiction of Texas courts over her in regard to the matters stated in plaintiff's state court petition. Austin Rankin Corp. v. Cadillac Pool Corp., 421 S.W.2d 733 (Tex.Civ.App.—Beau., 1967, no writ hist.).

■ An entry of a general appearance as a matter of law under the Texas practice does not, however, meet the question of removability under 28 U.S.C. § 1446. It means only that the Texas court had jurisdiction over the defendant as of May 15, 1970. State court jurisdiction is, of course, necessary before there can be a valid removal. If the state court has no jurisdiction the federal court acquires none, since there is no action pending or brought which can be removed. *See* 1 Barron & Holtzoff, Federal Practice and Procedure, § 101, p. 458 and cases cited. Be that as it may, the thirty-day period for removal under 28 U.S.C. § 1446(b) commences in jurisdictions whose rules of practice require that a copy of the plaintiff's original pleading be annexed to the summons by which the defendant is brought into court when the defendant in fact actually, physically and tangibly receives a copy of the complaint "through service or otherwise." By employing the phrase "or otherwise" Congress must have been speaking to circumstances such as these.

■ Here, the plaintiff infers that from the entry of a general appearance as a matter of law it necessarily follows

that defendant as of that date "received" a copy of the state court petition as a matter of fact. The obvious weaknesses in this reasoning are intensified by the sworn statement of defendant's counsel that defendant "received a copy of the state court petition for the first time on February 2, 1971. That defendant's counsel has sworn falsely cannot be presumed, particularly upon the record in this case.

Accordingly, plaintiff's motion for reconsideration will be overruled and it is so ordered.

The clerk will forward true copies of this memorandum and order to counsel of record.