**Jack and Charlotte YORK**

v.

**HORIZON FEDERAL SAVINGS and LOAN ASSOCIATION, et al.**

**Civ. A. No. 89–1325.**

United States District Court, E.D. Louisiana, New Orleans Division.

April 27, 1989.

Gautheir, Murphy, Sherman, Chehardy & Elli, Scott LaBarre, Metairie, La., for plaintiffs.

William Christi Gambel and Amanda L. Wood, Milling, Benson, Woodward, Hillyer, Pierson & Miller, New Orleans, La., for Property Management Systems d/b/a Capital Realty Services.

Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Warren M. Schultz,

Jr., New Orleans, La., for Horizon Federal Savings & Loan Ass'n.

## ORDER AND REASONS

FELDMAN, District Judge.

Plaintiffs originally filed this suit in state court alleging that their defendant-lessor delivered defective premises; plaintiffs complained that the construction of their premises exposed their bedroom to public view, violating their right to privacy in their home. On January 4, 1989, plaintiffs served Capital Realty Service, through its manager, with a copy of the state court petition. On March 22, 1989, approximately two and a half months later, defendant removed the suit to this Court. Plaintiffs now move to remand to state court. The motion asks the question: What event is necessary to trigger the start of the thirty day removal period?

Plaintiffs contend that defendant's removal petition was untimely. The removal statute, 28 U.S.C. § 1446, requires a defendant seeking removal to file a removal petition within thirty days of receiving the initial pleading from the plaintiff. Specifically, the statute provides:

> The petition for removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, *through service or otherwise,* of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b) (Emphasis added).

Plaintiffs argue that the January 4 service of process by the Orleans Parish Sheriff on the manager of Capital Service Realty triggered the thirty day removal period; they insist that this service comported with the "service or otherwise" language of 28 U.S.C. § 1446(b) because, although technically flawed in that the defendant's official agent for service of process did not receive the petition, the service did provide notice of the suit to the defendant and triggered defendant's act of removing the case. Plaintiffs therefore contend that the March 22, 1989 petition for removal was not filed within the thirty day mandated time period, that removal was improvident, and that the case should be remanded.

In an odd twist of the facts, plaintiffs relied on their lease, which named the lessor as "Capital Realty Services", in determining that Capital Realty Services was the proper defendant and party to serve. But in fact, Capital Realty Service is an operating division of Property Management Systems, Inc., a Texas corporation qualified to do business in Louisiana, with an appointed agent for service of process in Louisiana. Plaintiffs have never served that agent. Thus, defendant counters that the service was invalid under Louisiana law. *See* Art. 1261, La.Code Civ.Pro. Defendant argues that the thirty day period did not begin to run with the January 4 service on the Capital Realty Service manager. Instead, defendant contends, under 28 U.S.C. § 1446(b), the thirty day time period commences only upon proper service on the proper agent, and notwithstanding the "service or otherwise" language of Section 1446(b).

This conflict over what event triggers the commencement of the thirty day removal period is at the heart of the controversy now before this Court. Although there are no published decisions in the Eastern District of Louisiana resolving the thrust of the "service or otherwise" language of Section 1446(b), several other courts have spoken to the issue, and their decisions demand this Court's attention in resolving the dispute here.

### I. *Challenges to Removal, Generally*

Much of the literature is not in conflict, and some first principles are unchallenged. When a plaintiff questions the propriety of a defendant's removal petition, the defendant bears the burden of showing that the removal was proper. *Miller v. Stauffer Chemical Co.*, 527 F.Supp. 775, 777 (D.Kan.1981). The thirty day removal period is considered as mandatory, unless the party seeking a remand waives that

requirement. *Dow Corning Corp. v. Schpak*, 65 F.R.D. 72, 74 (N.D.Ill.1974). Moreover, the removal statute is subject to strict construction. *Butts v. Hansen*, 650 F.Supp. 996 (D.Minn.1987). Finally, a removal petition not timely filed constitutes an "improvident" removal within the meaning of 28 U.S.C. § 1447(c), and remand is required. *Royal v. State Farm Fire and Casualty Co.*, 685 F.2d 124 (5th Cir.1982).

█ The Supreme Court, paying a proper respect to the role of state courts in our federal structure, has further instructed that federal courts are to construe the statute against removal and in favor of remand to state court. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941). *See also, Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26 (3d Cir.1985); *Takeda v. Northwestern Nat. Life Ins. Co.*, 765 F.2d 815 (9th Cir. 1985); *Fajen v. Foundation Reserve Ins. Co.*, 683 F.2d 331 (10th Cir.1982); *Illinois v. Kerr–McGee Chemical Corp.*, 677 F.2d 571 (7th Cir.1982) *cert. denied*, 459 U.S. 1049, 103 S.Ct. 469, 74 L.Ed.2d 618 (1982); *Wilson v. U.S. Dept. of Agriculture*, 584 F.2d 137 (6th Cir.1978); *Skidmore v. Beech Aircraft Corp.*, 672 F.Supp. 923 (M.D.La. 1987). Federal courts, then, should be vigilant to possible settings which might result in the diminishment of state jurisdiction, and we should respect, when appropriate, plaintiff's choice of forum. *See also, Smith v. Executive Fund Life Ins. Co.*, 651 F.Supp. 269 (M.D.La.1986). Thus, any doubts regarding the propriety of removal are resolved in favor of remand and state court jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, supra; *Clyde v. National Data Corp.*, 609 F.Supp. 216 (N.D.Ga. 1985). This overarching principle guides the Court in construing the disputed "service or otherwise" language in 28 U.S.C. § 1446, as does the plain language of the statute.

## II. *The Timeliness Challenge:*

### *What Does "Service or Otherwise" Mean?*

At the outset, it seems useful to state the obvious: The statute should be taken to mean what it says.

As noted earlier, 28 U.S.C. § 1446 provides that the thirty day removal period begins "after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." A conflict exists in the case literature, and between the parties now before this Court, over when the removal period is triggered for a defendant who receives a copy of the initial pleading before a technically valid service of process is made. One line of cases interprets the "or otherwise" language to mean that some receipt of the initial pleading alone triggers the start of the thirty day period. *Tyler v. Prudential Ins. Co. of Am.*, 524 F.Supp. 1211 (W.D.Pa.1981). The other line of cases interprets the same language to require proper service of process to trigger the removal period. *Love v. State Farm Mut. Auto Ins. Co.*, 542 F.Supp. 65 (N.D.Ga.1982).

### A. The "Proper Service" Rule

█ In *Love v. State Farm Mutual Auto Ins. Co.*, 542 F.Supp. 65 (N.D.Ga. 1982), the court held that the statutory removal period did not commence when the defendant received a courtesy copy of an unserved complaint. Rather, the court said, the removal period commences only when the defendant has been properly served pursuant to state law and has also received a copy of the complaint "through service or otherwise." This "proper service" rule has since been followed in other cases where courts held that defective service did not trigger the thirty day period for filing a removal petition. *See, e.g., Goodyear Tire & Rubber Co. v. Fuji Photo Film Co., Ltd.*, 645 F.Supp. 37 (S.D.Fla. 1986); *Hunter v. American Express Travel Related Services*, 643 F.Supp. 168 (S.D. Miss.1986); *Thomason v. Republic Ins. Co.*, 630 F.Supp. 331 (E.D.Cal.1986); *Quick Erectors, Inc. v. Seattle Bronze Corp.*, 524 F.Supp. 351 (E.D.Mo.1981).

One argument which gives content to the "proper service" rule is that the "or otherwise" language in the statute was intended only to extend the removal period in states

which procedurally allowed a plaintiff to begin a suit without filing a complaint, and that the legislative history does not evidence an intent to make exceptions to state service rules. The argument is not without apparent support.

For example, the court stated in *Thomason v. Republic Ins. Co.*, supra,:

> The "or otherwise" language was added to the statute in 1949. Before the relevant amendment, the statute read, "within 20 days after commencement of the action or service or process, whichever is later." Pursuant to case law interpretation, the removal period could not begin until service of process was properly obtained. A problem arose in those states which allowed a plaintiff to commence a suit without filing a complaint. In such cases, the removal period could expire before the defendant received a copy of the complaint. Defendant would have to decide whether to petition for removal before knowing what the suit was all about.
>
> Thus, Congress revised § 1446(b).... This change was intended to expand the removal period in states which allowed plaintiff to commence a suit without filing a complaint. Plaintiff is still required to properly serve defendant. The "or otherwise" language pertains only to those states where plaintiff can commence a suit without filing or serving initial pleading until some time later.

630 F.Supp. at 333–34.

While *Thomason* is certainly a plausible reading of the legislative history, many courts have been quick to note that the *Thomason* interpretation is at odds with the clear, unambiguous words of the statute. *See, e.g., Conticommodity Services, Inc. v. Perl*, 663 F.Supp. 27, 29 (N.D.Ill. 1987); *Kulbeth v. Woolnought*, 324 F.Supp. 908, 910 (S.D.Tex.1971) (the notion that a complaint is "received" only after service is perfected "can be sustained only by reading into the statute a provision which is not only not there but which Congress seems deliberately to have omitted"), *quoting Potter v. Kahn*, 108 F.Supp. 593 (S.D.N.Y.1952); *General Beverage Sales Co. v. Zonin, S.p.A.*, 589 F.Supp. 846, 848 (W.D.Wis.1984), *quoting Maglio v. F.W. Woolworth Co.*, 542 F.Supp. 39 (E.D.Pa. 1982) ("The statute specifically reads 'receipt by the defendant' and the statute clearly does not require service.").

Indeed, the plain language of the statute contradicts the sweeping conclusion of *Thomason*. Clearly, Congress could have intended to treat in the removal statute only those states which do not require the filing of a complaint to commence a suit, without also requiring a technically valid service of process to trigger the removal period. But if Congress intended valid service of process to be the only acceptable trigger to the thirty day removal period, it could easily have said so.

The *Love* court, and subsequent courts advocating the "proper service" rule, add that allowing the removal period to be triggered by anything less than proper service would "diminish the right to removal by permitting a plaintiff to circumvent the already existing requirement of personal service through informal service." 542 F.Supp. at 68. This notion seems rather flawed. The court in *Conticommodity*, supra, met it head-on:

> Commencing the removal period upon receipt by the defendant of a copy of the initial pleading, rather than upon perfected service, in no way diminishes either the right to removal or to service. Whether a defendant removes to federal court or not, perfect service is necessary if the plaintiff is to maintain his action. Although the requirements of perfect service may be somewhat more flexible in federal court than in some state fora, they can hardly be called 'informal.' Moreover, should a defendant wish to stand upon his right to the stricter state process rules, he may remain in the state forum and present a motion to quash there. It is difficult to see how this choice between state and federal service rules—which mirrors the procedural choices at stake in any decision to remove—tends to undercut the removal right.

663 F.Supp. at 29.

Indeed, in this case it is particularly telling that when defendant filed its removal

petition and its motion to dismiss, it made no reference to improper service, and in fact failed to assert improper service as an obstacle to the petition. The attempted service here, though technically flawed, armed the defendant with the weapon of removability.

Moreover, the defendant has presented to this Court no evidence of when "the proper parties" received the petition so that the Court might be able to determine how, if at all, the technically improper service impeded the defendant's ability to timely file the removal petition. Having failed to challenge the validity of service of process either before or after removal, defendant can not now be heard to complain that the lack of proper service before removal somehow diminished its removal right.

### B. The "Receipt Rule": A Better Approach

■ In contrast to the "proper service" rule urged by the defendant, plaintiffs contend that the "receipt rule" is advocated by many courts, and should apply here. Under the "receipt rule", the thirty day removal period commences when the defendant receives the initial pleading from the plaintiff, regardless of whether state service procedures have been followed. *See, e.g., Conticommodity,* supra; *Kirby v. OMI Corp.,* 655 F.Supp. 219 (M.D.Fla.1987) (receipt of complaint by way of a technically flawed service of process triggers thirty day removal period); *Tyler v. Prudential Ins. Co.,* 524 F.Supp. 1211 (W.D.Pa.1981) (The fact that service under state practice has not been perfected does not in and of itself prevent removal); *Dial-in, Inc. v. ARO Corp.,* 620 F.Supp. 27 (N.D.Ill.1985) (service of process does not control removal under 28 U.S.C. § 1446); *General Beverage Sales v. Zonin, S.p.A.,* 589 F.Supp. 846 (W.D.Wis.1984); *Maglio v. F.W. Woolworth,* 542 F.Supp. 39 (E.D.Pa.1982); *Perimeter Lighting, Inc. v. Karlton,* 456 F.Supp. 355 (N.D.Ga.1978) (receipt of initial pleading controls removability, whether or not state procedures were properly followed); *Int'l Equity Crop. v. Pepper and Tanner, Inc.,* 323 F.Supp. 1107 (E.D.Pa. 1971); *Kulbeth v. Woolnought,* 324 F.Supp. 908, 910 (S.D.Tex.1971); *In re 73rd Precinct Station House,* 329 F.Supp. 1175 (E.D.N.Y.1971); *Barr v. Hunter,* 209 F.Supp. 476 (W.D.Mo.1962); *French v. Banco Nacional de Cuba,* 192 F.Supp. 579 (S.D.N.Y.1961); *Richlin Adv. Corp. v. Central Florida Broadcasting Co.,* 122 F.Supp. 507 (S.D.N.Y.1954); *Potter v. Kahn,* 108 F.Supp. 593 (S.D.N.Y.1952).

Not surprisingly, proponents of the "receipt rule" also give content to the statute, in part, because of its legislative history. As the *Conticommodity* court noted, some cases have rested on Congress' apparent desire to provide a uniform approach to removal. For example, in *French,* supra, the court stated:

> The 1949 amendment sought to eliminate th[e] unfairness [of the interaction of the prior rule with diverse state procedures] by providing a time limit which would operate with a greater degree of uniformity throughout the federal system.... Thus, the key to the time for removal became actual or constructive receipt by the defendant of the initial pleading setting forth the removable claim.

192 F.Supp. at 580, *quoted by Conticommodity,* 663 F.Supp. at 30. Key scholars seem to agree. *See* C. Wright, A. Miller, & E. Cooper, 14A *Federal Practice and Procedure* § 3732, at p. 516 (1985) ("Technicalities of state law as to the completion of service of process are ignored, just as state law generally is disregarded, when removal is considered. This approach is both practically desirable and perfectly consistent with the purposes and language of the federal removal statute."); 1A *Moore's Federal Practice,* 0.168[3.--.5-3]. at 577 (1986) (Removal petition must be filed "within a definite, fairly ascertainable, and relatively short time period under the standards stated therein; and, unlike its predecessor, the amended paragraph does not refer to 'commencement of the action or service of process.' ").

Perhaps the strongest argument in favor of the "receipt rule", however, aside from what this Court takes to be the plain meaning of the statute itself, is that the Su-

preme Court has specifically directed lower courts to construe removal statutes strictly, against removal and in favor of remand. *Shamrock Oil Corp., supra.* This central idea, combined with the plain, unambiguous language of the statute, suggests that a defendant's receipt of the initial pleading from which it can determine the removability of the case triggers the start of the thirty day removal period regardless of whether the state's service of process rules have been technically satisfied. This is especially so where, as here, the defendant fails to challenge the sufficiency of plaintiff's service either before or after removal of the case to federal court.[1]

In this case, defendant filed its removal petition more than two and a half months after it received a copy of plaintiff's state court petition. Because its removal petition was untimely filed, the removal was improvident and the case must be remanded. 28 U.S.C. § 1447(c). Plaintiffs' Motion to Remand is GRANTED.

---

**1.** Even if this Court were to adopt the "proper service" rule, defendant here might not benefit because it failed to challenge the sufficiency of service. *See, e.g., Hunter v. American Exp. Travel Related Services,* 643 F.Supp. 168 (S.D. Miss.1986). In *Hunter,* plaintiff initially served his complaint by mail to an address where defendant had no corporate agent for service. When the complaint eventually reached the proper agent, defendant filed a motion to dismiss in state court based upon insufficient service of process. Plaintiff then reissued process, and defendant removed the case within thirty days of the second, correct service. The court held that the removal was timely because the thirty day period began upon proper service. By contrast, in this case, defendant has acceded to the manner of service attempted by the plaintiff, and cannot now be heard to complain that the thirty day period was triggered by that service.